OPINION OF THE COURT
Gabrielli, J.
On September 21, 1973, a Monroe County Grand Jury *655 returned indictments No. 533 through No. 538 against the defendant, charging him with 38 counts of grand larceny in the second degree in violation of section 155.35 of the Penal Law, six counts of issuing a bad check in violation of section 190.05 of the Penal Law, and two counts of grand larceny in the third degree in violation of section 155.30 of the Penal Law. Some two years later the defendant was brought to trial on indictment No. 534, and was convicted of three counts of grand larceny in the second degree. It is this conviction which is the subject of this appeal and we must decide whether the delay between his indictment and January 15, 1976, when this trial commenced, violated his right to a speedy trial.
To understand the reasons for the delay requires a summary of the events that occurred between indictment and trial. The defendant was arraigned on September 24, 1973, and after pleading not guilty to all counts of the indictments he was released on a $25,000 bond. Following certain pretrial motions a trial on indictment No. 533 began on May 8, 1974. The jury returned a verdict of not guilty on May 31. A trial on indictment No. 535 was then commenced on September 18, 1974, concluding on September 27, 1974. That indictment charged the defendant with having committed the crimes of grand larceny and issuing a bad check when he paid a $60,503.56 obligation to the Insana Company with a worthless check, knowing it to be worthless. The jury found him not guilty of grand larceny but guilty of the misdemeanor of issuing a bad check. On November 26, 1974 the defendant was sentenced to 90 days in the Monroe County Penitentiary. Following an affirmance of that conviction he surrendered and commenced service of the sentence on June 12, 1975.
Before trial commenced on the instant indictment the defendant moved for an order dismissing the indictment. By application dated September 9, 1975, he asserted that the lapse of two years since indictment and arraignment violated the right to a speedy trial guaranteed by statutes and the Federal Constitution (CPL 30.20; 30.30; Civil Rights Law, § 12; People v Prosser; 309 NY 353; US Const, 6th Arndt; Barker v Wingo, 407 US 514). The motion to dismiss was denied, and following a trial the defendant was convicted of three counts of grand larceny. The Appellate Division unanimously affirmed the conviction and leave to appeal was granted by an Associate Judge of this court.
The most exacting requirement of the speedy trial right is *656 found in CPL 30.30 which provides that a motion to dismiss must be granted where the People are not ready for trial within six months and the defendant is accused of a felony. It establishes a precise cutoff for unexcused delay. If the People are not ready for trial within the time sanctioned by the statute, the indictment must be dismissed and the defendant released.
At first blush, it would appear that dismissal might be warranted here. Defendant’s motion to dismiss recited a delay in excess of six months from the date of indictment. In opposition to the motion the People, at the hearing, stated that they were always ready for trial, and that the calendar had been so marked. They did not submit any papers or records in opposition, relying on the factual statement made and a display of their readiness for trial; and the hearing ensued.
We recently held that where a defendant has moved for a dismissal it may be summarily granted if the answering papers do not present a factual dispute for the court to resolve (People v Gruden, 42 NY2d 214; CPL 210.45, subd 4, par [c]). In Gruden (p 215), however, and unlike the case before us, the court pointed out that "[t]he People did not dispute the facts alleged in the defendants’ motion papers”. CPL 30.30 has been described as the most significant criminal legislation of 1971 (Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30), yet it could become a mockery if an assertion of readiness, without any substantiation, excuses needless delay. If an unexcused delay in excess of six months had been shown by clear documentary proof by the defendant, his motion would doubtless have been granted. In this case, however, the actual period of unexcused delay was less than six months, as will be herein demonstrated. Defendant’s inability to show any ground constituting legal basis for the motion renders academic the question of the People’s preparedness, and the motion was properly denied (cf. People v Gruden, supra; CPL 210.45, subd 5, par [a]).
The actual elapsed time between indictment and trial for speedy trial purposes must be computed in light of CPL 30.30 (subd 4),[1] which requires that the certain delays described in *657 that section be excluded from the time limitation. Subdivision 4 recognizes that certain delays are inherent in any criminal justice system and must be tolerated, and that other delays are caused by the defendant and should not prejudice the People’s right to bring him to trial.
Important here is the reasonable delay resulting from other proceedings concerning the defendant, including pretrial motions, trial of other charges, and the period during which such matters are under consideration by the court, as well as certain appeals. Taking these factors into account in the instant case shows that during the great majority of time at issue the defendant was involved in trials or appeals involving his other indictments, and there was thus ample reason for the People not to move indictment No. 534 to trial.
Following his September 24, 1973 arraignment the defendant made an application for relief by pretrial motion. After oral argument and a period when the motion was under consideration, the first indictment was set down for trial on May 8, 1974. Thus the delay prior to defendant’s first trial on indictment No. 533 was excused, it being devoted to the preparation, argument, and consideration of defendant’s motion directed at the six indictments.
The first trial was concluded on May 31, 1974. It was followed by a hiatus until September 18, 1974, for which no excuse appears in the record. Presumably, the activities of the District Attorney in respect to this defendant were spent preparing for the trial on indictment No. 535 which commenced September 18. This period is not, however, and excusable delay within the contemplation of the statute, and therefore the three and one-half months are to be counted as part of the six-month period.
The trial which began on September 18 was completed on September 27. He was found guilty of the crime of issuing a bad check to the Insana Company in an amount exceeding $60,000. On the day of sentencing defendant filed a notice of appeal as well as an application for release on bail during the pendency of said appeal. Significantly, the bail application advanced the argument which was to be the main ground for appeal: that a corporate officer may not be held criminally *658 liable for issuing a bad check when he is neither the drawer nor a representative drawer, in circumstances where he did not sign the check personally. Upon appeal from that judgment, the Appellate Division discussed this issue and argument at some length before rejecting it in an opinion issued May 30, 1975 (People v Dean, 48 AD2d 223). Following the unanimous Appellate Division affirmance of his conviction the defendant sought leave to appeal to this court by application dated June 25, 1975. Again, he urged the same issue of lack of "personal involvement” in challenging the conviction. However, the criminal leave application was denied on November 13, 1975 finally terminating that case.
The appellate history of the Insana indictment is necessary for an understanding of why the statutory speedy trial provision was not violated. The appeal involved an unusual case of first impression which, if decided in defendant’s favor, could well have warranted the dismissal of the remaining indictments against him.[2] The prosecutor was entitled to await the outcome of the appeal before subjecting both the defendant and his office to the expense and travail of a trial which might well have proved to be futile. In the unique situation that existed here the elapsed time during the pendency of a related appeal that would directly affect the validity of this indictment is excluded from the computations of CPL 30.30 (People v Rarback, 40 NY2d 922).
While the request for a certificate of leave to appeal was still pending, the defendant moved the Monroe County Court to dismiss the indictments remaining against him on the ground that he had been denied his right to a speedy trial. The motion was decided two days before trial began on this charge. Thus the last remaining time before trial was covered by the clear terms of CPL 30.30 (subd 4, par [a]) which excuses the time during which a pretrial motion is being considered by a court.
A review of the period between September, 1973 and Janu *659 ary, 1976 discloses less than six months of unexcused delay. During the three and one-half months between the trials of indictments No. 533 and No. 535 defendant was not involved in any criminal matters or proceedings. There was also a period of less than one month between the May 30 Appellate Division decision and the June 25 criminal leave application to this court. Otherwise all the elapsed time was occupied with other matters involving the defendant as recited in CPL 30.30 (subd 4) and, hence, the six-month time limitation of CPL 30.30 was not exceeded.
 Beyond the requirements of CPL 30.30 there exists a general speedy trial right expressed in CPL 30.20 and section 12 of the Civil Rights Law. Whether this right has been infringed depends upon an examination of five factors: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay (People v Taranovich, 37 NY2d 442, 445). Here the defendant suffered no pretrial incarceration, there is no showing of prejudice, and the above discussion recites a valid reason for the People to delay the prosecution. Although the length of the delay might seem long, on balance we find that there was no deprivation of defendant’s speedy trial right. In response to defendant’s contention that in any event under CPL 210.45 (subd 6) he was entitled to an evidentiary hearing on the issue of denial of speedy trial, it suffices to observe that he never made a timely request for such a hearing.
In addition to the speedy trial ground urged by defendant for a reversal of his conviction, he argues that this prosecution was barred by the doctrine of collateral estoppel. The jury in the Insana trial (indictment No. 535) acquitted him on the grand larceny charge, although he was convicted of issuing a bad check (Penal Law, § 190.05). The grand larceny acquittal does not, however, require a conclusion that defendant could not have intended to commit grand larceny when he procured 4.5 million dollars worth of Xerox stock with worthless checks. The not guilty verdict for the $60,503.56 transaction on March 16, 1973 could well have been reached by the jury without their finding that defendant had no larcenous intent throughout the period of March 16-23, 1973, when he caused the issuance of the checks involved *660 here. As was aptly articulated by the Appellate Division, "it is certainly plausible that the jury based its acquittal upon the belief that no property had been obtained or withheld by means of the bad check issued to' Insana or that defendant had no specific knowledge of the deposit of the Insana bond proceeds in the company account and thus no intention of stealing them. Since it cannot be determined with any degree of certainty that the earlier acquittal under Indictment No. 535 necessarily represented a finding by that jury that defendant lacked larcenous intent with respect to his transactions with Lincoln First Bank, collateral estoppel should not be recognized as a bar to the present prosecution” (56 AD2d 242, 248-249).
We have considered the remaining contentions raised by the defendant on this appeal, and we find them to be likewise without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Bbeitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.

. CPL 30.30 (subd 4) provides that:
"4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:
“(a) a reasonable period of delay resulting from other proceedings concerning the *657 defendant, including but not limited to proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court”.

. The transaction involved in the Insana indictment (No. 535) was a worthless check signed by a company employee at defendant’s direction. Defendant argued that he could not be criminally liable when the check was returned, as it was drawn on his corporation and he had not signed it. Indictment No. 534, which is being appealed here, involved three checks which were signed by the same company employee under similar circumstances. Thus, if defendant’s argument had been accepted by the appellate courts, the result would have been a valid defense as a matter of law to this indictment.