■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CASTRO, Appellant. — Appeal from a judgment of the County Court of Ulster County, rendered June 15, 1979, upon a verdict convicting defendant of the crimes of riot in the first degree and unlawful imprisonment in the first degree. Defendant's conviction arose out of an incident on August 8, 1977 at the Eastern Correctional Facility, Napanoch, New York, where defendant

was an inmate. A group of approximately 50 inmates overpowered several correction officers in the mess hall. More inmates became involved in the disturbance and a total of 13 correction officers and civilian employees were taken hostage. Thereafter, a group of four or five inmates, including defendant, submitted a list of demands to prison officials. Several negotiation sessions participated in by the inmate group, the prison chaplain and priest, and prison officials culminated in the release of all hostages some 12 hours later. Initially, defendant contends that his right to a speedy trial under both CPL 30.20 and 30.30 was violated. The resolution of this issue depends upon a consideration of the approximate 353-day period of delay which arose when Ulster County Court Judge Vogt properly disqualified himself in this and some 134 other pending criminal cases which had been commenced during his tenure as the county's District Attorney. The evidence establishes that there was a serious shortage of Judges in the adjoining counties to aid in handling these cases, that the prosecution sought on numerous occasions to have additional Judges assigned to handle these cases and that the cases were prosecuted in chronological order based on the date of the indictment, with priority given to those cases in which the defendants were incarcerated solely by virtue of the outstanding indictment. More importantly, the visiting Judges did not hold general calendar calls of the pending cases in which Judge Vogt had disqualified himself. In our view, these factors constitute "exceptional circumstances" under CPL 30.30 (subd 4, par [g]) and, thus, the period of delay caused thereby is not chargeable to the People. The Court of Appeals has recently held that calendar congestion or lack of court facilities before the District Attorney is ready for trial is not an "exceptional circumstance" under CPL 30.30 (subd 4, par [g]), reasoning that "While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial" (People v Brothers, 50 NY2d 413, 417). Here, however, the peculiar circumstances operated not only to prevent a trial, but also to prevent the prosecution from communicating its readiness for trial "to the court on the record" (People v Hamilton, 46 NY2d 932, 933), for Judge Vogt, the resident County Court Judge, was disqualified from handling this and other cases and the visiting Judges held no calendar call for these cases. The District Attorney has alleged that he has been ready for trial since the arraignment, and his numerous efforts to obtain additional Judges to handle the cases in which Judge Vogt was disqualified are consistent with this position (see People v Suarez, 80 AD2d 658). Accordingly, defendant was not entitled to dismissal of the indictment under CPL 30.30. A balancing of the five factors set forth in People v Dean (45 NY2d 651) and People v Taranovich (37 NY2d 442) indicates that defendant's right to a speedy trial under CPL 30.20 has not been violated. In particular, six months of the delay is attributable to defendant's pretrial motions and 12 months of the delay is attributable to the peculiar circumstances discussed above. Moreover, defendant was incarcerated due to a prior conviction, and there is no indication that the defense was impaired by the delay. Defendant contends that he was deprived of a fair trial when the prosecution used two of the seven peremptory challenges that it used during jury selection to exclude two blacks from the jury. There is, however, no competent proof demonstrating a prolonged pattern of systematic exclusion of blacks or other minorities from jury service (see Swain v Alabama, 380 US 202, 221). We have examined defendant's other arguments and find them lacking in merit. Specifically, there is sufficient evidence in the record to support the jury's verdict, and the trial court committed no error in the rulings and charge challenged by defendant. Judgment affirmed. Kane,

J.P., Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum; Casey, J., not taking part.

Mikoll, J. (dissenting). I respectfully dissent. This defendant was arraigned on October 28, 1977. His pretrial motions were disposed of by February, 1978. Defendant filed a motion on January 19, 1979, pursuant to CPL 30.30, seeking dismissal of the felony complaint against him for failure of the People to be ready for trial within six months of the commencement of a criminal action wherein he was accused of a felony. The People seek to be excused for the same 353-day period of delay between the time when all pretrial motions of the defendant had been disposed of and the date defendant filed his motion pursuant to CPL 30.30. The People contend that the peculiar calendar problem in Ulster County constituted "exceptional circumstances" referred to in CPL 30.30 (subd 4, par [g]). Defendant urges, on the other hand, that the calendar problems which existed in Ulster County did not constitute "exceptional circumstances". The Court of Appeals in *People v Brothers* (50 NY2d 413, 417-418) stated: "While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial. Nor does it do to point out that, in the face of known court congestion, it makes little practical sense to require the District Attorney to expend the effort (largely useless for any other purpose) just to enable him conscientiously to report to the court that he is ready for trial. Any futility on that account stems from the form in which the statute was enacted — expressing a command that the People must be ready for trial rather than that the defendant must be granted a trial within the prescribed period." I conclude that the District Attorney did not demonstrate that he was ready for trial within the prescribed period. It is insufficient, as a matter of law, to inform the court of such a claim for the first time in an affidavit submitted in response to a motion to dismiss the indictment *(People v Hamilton,* 46 NY2d 932). It was, therefore, error to deny defendant's motion to dismiss under CPL 30.30. The conclusion reached in the hearing, that the District Attorney had no forum in which to register his readiness, is belied by the presence of the County Judge and other visiting Judges in Ulster County before any one of whom an appropriate application for a calendar call could readily have been made, and the District Attorney's readiness in this matter noted as required by the law. The judgment should be reversed and the indictment dismissed.