■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v̇ ENRIQUE SUAREZ, Appellant. — Appeal from a judgment of the County Court of Ulster County, rendered May 18, 1979, convicting defendant, upon his plea of guilty, of the crime of assault in the second degree. On August 7, 1977 defendant assaulted a correctional officer at the Eastern Correctional Facility where he had been serving a sentence for second degree robbery. Criminal charges were filed on August 15, 1977 and defendant was indicted on September 29, 1977 on two counts of assault in the second degree (Penal Law, § 120.05) and on one count of promoting prison contraband in the first degree (Penal Law, § 205.25). Three months later, the District Attorney who returned the indictment, Francis J. Vogt, became the Ulster County Court Judge. Accordingly, and in furtherance of due process, Judge Vogt was disqualified from trying defendant's case as well as 134 others which he had been involved in as District Attorney. Defendant moved for a dismissal on speedy trial grounds on February 2, 1979. After a hearing, the motion was denied. On April 18, 1979, defendant pleaded guilty to assault in the second degree. He was sentenced to a term of two and one-half to five years to run

consecutively with the sentence he was already serving. Defendant contends that since approximately one year and six months had passed between August 15, 1977, the date the felony complaint was filed, and February 2, 1979, the date he made his speedy trial motion, he was denied his right to speedy trial as guaranteed by CPL 30.30. Under CPL 30.30 (subd 1, par [a]), the People must be ready for trial within six months of the commencement of a criminal action involving a felony. However, once the prosecution communicates its readiness for trial within the statutory time limit, a subsequent delay attributable to court congestion does not entitle an accused to a dismissal under CPL 30.30 *(People v Brothers,* 50 NY2d 413, 417). We find ample evidence in the record to support the People's assertion that they were ready for trial within the six-month limitation. In order "To sustain such an assertion, the People must communicate readiness for trial to the court on the record when ready to proceed" *(People v Hamilton,* 46 NY2d 932, 933). In the instant case, there was no County Court Judge present in Ulster County to whom the prosecution could have communicated its readiness.* Nevertheless, there was sufficient evidence produced at defendant's speedy trial hearing on April 5, 1979 to support the conclusion that the prosecution made repeated requests to the Administrative Judge of the Third Judicial District to assign a Judge to hear the case. Thus, the District Attorney communicated his readiness for trial in the only forum available to him and, hence, the six-month time limitation of CPL 30.30 was not exceeded (see *People v Castro,* 80 AD2d 656). Next, defendant contends that apart from CPL 30.30, he has been denied the general right to a speedy trial guaranteed by CPL 30.20, section 12 of the Civil Rights Law, and the Sixth and Fourteenth Amendments to the United States Constitution. We disagree. An infringement of this right requires a consideration of five factors: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" *(People v Dean,* 45 NY2d 651, 659). In the instant case, the defendant's pretrial incarceration is inconsequential since he was already serving a sentence for a prior felony conviction. Additionally, the above discussion evidences a valid reason for the delay in prosecution. Moreover, although one of the correctional officers involved in the assault has since died, defendant is not prejudiced because his death occurred within a few months of the date of the indictment. Finally, while an 18-month delay may seem long, application of the *Dean* criteria to the facts herein persuades us to the view that defendant's speedy trial right was not violated (cf. *People v Dean, supra).* Further, under the circumstances present here, defendant's guilty plea may operate as a waiver of his statutory right to a speedy trial *(People v Friscia,* 51 NY2d 845). Finally, defendant asserts that his two and one-half to five-year sentence, to run consecutively with his prior sentence, was unduly harsh. This argument is without merit since the sentence is permissible under the Penal Law (§ 70.06, subd 3, par [d]). There is no evidence that the sentencing court abused its discretion (see *People v Robinson,* 65 AD2d 896). Judgment affirmed. Mahoney, P.J., Sweeney and Main, JJ., concur; Mikoll, J., dissents and votes to reverse in the following memorandum; Casey, J., not taking part.

Mikoll, J. (dissenting). I dissent. For the reasons articulated in my dissent in *People v Castro* (80 AD2d 656), the defendant's motion to dismiss the

---

* None of the assigned Judges held a calendar call which included defendant's case.

indictment pursuant to CPL 30.30 should be granted. I do not reach the other issues presented.