753 F.2d 239
 Paul R. DEAN, Petitioner-Appellant Pro Se,
v.
Harold J. SMITH, as Superintendent of Attica Correctional
Facility, Respondent-Appellee,
and
Lawrence T. Kurlander, Monroe County District Attorney, Intervenor.
 Docket 84-2056.
 United States Court of Appeals,
Second Circuit.
 Jan. 16, 1985.
 
 Before LUMBARD, MESKILL and PIERCE, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is an application for a certificate of probable cause and an appeal by petitioner-appellant from a judgment of the United States District Court for the Western District of New York, Telesca, J., denying appellant's petition for a writ of habeas corpus. We grant the application for a certificate of probable cause, reverse and remand for further proceedings.
 
 BACKGROUND
 
 2
 After a jury trial in County Court, Monroe County, Paul R. Dean was convicted of three counts of grand larceny in the second degree. Dean was also convicted of three counts of issuing a bad check, but these counts were dismissed as inclusory. He was sentenced to concurrent indeterminate terms of imprisonment of up to seven years on each count. His conviction was affirmed by the Appellate Division, Fourth Department, People v. Dean, 56 A.D.2d 242, 392 N.Y.S.2d 134 (1977), and by the New York Court of Appeals, People v. Dean, 45 N.Y.2d 651, 412 N.Y.S.2d 353, 384 N.E.2d 1277 (1978). Familiarity with the facts underlying Dean's conviction, which are fully set forth in the reported decisions of the Appellate Division and the Court of Appeals, will be assumed and they are not restated here because we do not reach the merits of petitioner's claims.
 
 
 3
 On July 8, 1980, Dean, who was serving his sentence at the Attica Correctional Facility, pro se, filed the instant petition for a writ of habeas corpus, raising the following two claims: (1) that he was denied his Sixth Amendment right to a speedy trial, and (2) that his Fifth Amendment protection against double jeopardy prevented the state from prosecuting him for grand larceny because he had been tried and acquitted on a related grand larceny charge. These two claims were raised on Dean's direct appeal in the state courts. On March 18, 1981, while the present petition was pending before the district court, Dean was released on parole.[1] On April 23, 1981, Dean moved to amend his habeas petition to add the following third claim: that the trial court's jury instruction on the intent element of the charge of issuing a bad check violated his rights to due process under Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). This claim was initially presented to the Wyoming County Supreme Court in the form of a habeas corpus petition and dismissed on January 16, 1981 on the basis that habeas corpus was not the proper vehicle with which to challenge the alleged error. Dean neither appealed this denial nor did he seek to obtain the relief sought, i.e., a new trial, through other available post-conviction remedies. On November 2, 1982, the district court issued an order informing Dean of his obligation to exhaust available state court remedies with respect to all of his claims. In response, Dean informed the court that all of his claims were fully exhausted. On February 2, 1984, the district court granted the motion to amend and denied the petition. The court concluded that Dean's Fifth and Sixth Amendment claims were clearly exhausted. As to whether the amended claim had been exhausted, the court found that "[b]ecause the state of the law in New York concerning the ability to raise such claims in state habeas corpus proceedings appears to have changed during petitioner's incarceration but subsequent to his appeal, I hold that under these limited circumstances, petitioner's claim has been sufficiently exhausted to enable a review of its merits in this Court." Dean v. Smith, No. Civ-80-524T, Memorandum Decision and Order at 5 (W.D.N.Y. Feb. 2, 1984). Following a review of the merits of each claim, the court concluded that each was without merit and denied the petition. A certificate of probable cause was denied by the district court. On March 2, Dean filed a notice of appeal which this Court construed as an application for a certificate of probable cause under Fed.R.App.P. 22(b).
 
 DISCUSSION
 
 4
 Under Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), mixed habeas petitions containing exhausted and unexhausted claims must be dismissed in their entirety.[2] We agree with the district court's finding that Dean exhausted his first two claims, but disagree that his amended third claim has been sufficiently exhausted to enable a review on the merits of the petition. The district court, while indicating that Dean's third claim stood "on less firm ground" than his first two claims with respect to the issue of exhaustion, nonetheless concluded that "[b]ecause the state of the law in New York concerning the ability to raise such claims in state habeas corpus proceedings appears to have changed during petitioner's incarceration but subsequent to his appeal," Dean's claim under these limited circumstances would be deemed exhausted. Dean, Civ-80-524T, Memorandum Decision and Order at 4-5.
 
 
 5
 The exhaustion doctrine requires that a prisoner seeking to upset his conviction on federal grounds must have given the state courts a fair opportunity to review his federal claim and correct the alleged error. See Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971) (per curiam); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); Daye v. Attorney General of the State of New York, 696 F.2d 186, 191 (2d Cir.1982) (en banc). It is clear from the record that Dean presented his third claim in federal terms to the state court; thus, no question exists as to whether the state court was alerted to the constitutional nature of the claim. The problem that does arise, however, is whether the exhaustion requirement is satisfied when Dean employed the wrong procedural vehicle in raising his claim and presented it to the wrong state court. Dean raised his Sandstrom claim to the Wyoming County Supreme Court, the county court in which Attica is located. Counsel was assigned to represent Dean. The only issue submitted to the court was a procedural question of law, i.e., whether habeas corpus could be used to correct the alleged error. Citing People ex rel. Douglas v. Vincent, 50 N.Y.2d 901, 431 N.Y.S.2d 518, 409 N.E.2d 990 (1980), the state court concluded that habeas corpus could not be utilized and dismissed the petition since the relief sought could not be granted in a habeas corpus proceeding. No determination was rendered as to the merits of the claim or whether Dean had procedurally defaulted on this claim. We find on these facts that because Dean used the wrong procedural vehicle, the state courts never had a fair opportunity to pass on his claim. See Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944) (per curiam); Harris v. Superior Court, 500 F.2d 1124, 1126 (9th Cir.1974) (en banc), cert. denied, 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975). A ruling that habeas corpus was not the proper vehicle did not preclude Dean from properly raising his claim under N.Y.Crim.Proc.Law Sec. 440.10(1)(h).[3] This post-conviction remedy in the state courts is apparently still available to Dean.[4]
 
 
 6
 On the issue of exhaustion, the district court reasoned that because of an "apparent" change in the law that affected Dean's ability to raise his claim in state habeas corpus proceedings, his claim under these limited circumstances would be deemed sufficiently exhausted. We have examined People ex rel. Douglas v. Vincent, 50 N.Y.2d 901, 431 N.Y.S.2d 518, 409 N.E.2d 990 (1980), and conclude that insofar as Dean's ability to raise his claim in a state habeas corpus proceeding is concerned, no change in the law resulted because of the New York Court of Appeals' decision in Douglas. Prior to Douglas, the law in New York regarding the proper use of a writ of habeas corpus provided that the writ could not be used to review claimed errors already considered on appeal or issues which could have been raised on appeal but were not. See People ex rel. Knox v. Smith, 60 A.D.2d 789, 400 N.Y.S.2d 656 (4th Dep't 1977), motion for leave to appeal denied, 43 N.Y.2d 647, 403 N.Y.S.2d 1026, 374 N.E.2d 399 (1978); People ex rel. White v. LaVallee, 47 A.D.2d 982, 367 N.Y.S.2d 122 (3d Dep't), motion for leave to appeal denied, 36 N.Y.2d 647, 372 N.Y.S.2d 1026, 334 N.E.2d 603 (1975). Douglas, far from altering this established rule of law, merely held that under this rule the writ could not be used to review a claim that a petitioner had been denied effective assistance of counsel on appeal. Finding no "apparent" change in the law, we see no reason to recognize any limited exception to the exhaustion rule.
 
 
 7
 Accordingly, we remand this case to the district court for further proceedings. On remand, the district court should instruct Dean that he may withdraw his unexhausted claim and have his petition decided on the remaining two claims, or, return to the state courts with his unexhausted claim, in which case his petition is to be dismissed in its entirety.
 
 CONCLUSION
 
 8
 It is hereby ordered that the certificate of probable cause is granted. The district court's order is reversed and this matter is remanded for further proceedings in accordance with this opinion.
 
 
 
 [1]
 Dean's subsequent release from prison after the filing of his petition does not affect this Court's jurisdiction to render a determination as to the merits of his claims. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)
 
 
 [2]
 The mixed petition rule under Rose applies retroactively to petitions pending at the time Rose was decided. See, e.g., Bergman v. Burton, 456 U.S. 953, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982); Rodriquez v. Harris, 455 U.S. 997, 102 S.Ct. 1627, 71 L.Ed.2d 858 (1982)
 
 
 [3]
 Section 440.10 of the New York Criminal Procedure Law provides that:
 
 
 [1]
 At any time after the entry of a judgment, the court in which it was entered may ... vacate such judgment upon the ground that:
 (h) The judgment was obtained in violation of a right of the defendant under the constitution ... of the United States.
 
 
 [4]
 The exhaustion doctrine does not require that all avenues of state review have been exhausted, see Brown v. Allen, 344 U.S. 443, 447, 448 n. 3, 73 S.Ct. 397, 402, 403 n. 3, 97 L.Ed. 469 (1953), but, at a minimum, the petitioner is required to present his claim to a state court vested with the proper authority to hear the claim and grant the relief sought