■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SIPLIN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of second degree robbery and third degree grand larceny, defendant's sole contention is that he was denied his statutory right to a speedy trial (CPL 30.30). The action was commenced on May 14, 1986 by the filing of a felony complaint. The People

announced their readiness for trial on December 15, 1986, 215 days after the commencement of the action. The issue is whether there are periods of delay totaling at least 31 days that are chargeable to defendant. The parties focus on an adjournment from November 7 to December 15, 1986, which they deem critical, but our review of the record indicates that there are other periods of delay which are chargeable to defendant and which result in exclusion of periods aggregating more than the 31 days necessary to bring the People's declaration of readiness within the six-month period (CPL 30.30 [1] [a]; *People v Dean*, 45 NY2d 651, 656-659; *see, People v Lomax*, 50 NY2d 351, 358, n 2). The 21-day period between May 20 and June 10, 1986 is chargeable to defendant. The case was adjourned with the express consent of defense counsel for "screening" (CPL 30.30 [4] [b]). Similarly, the one-day adjournment from November 6 to November 7, 1986 was requested by defense counsel in order to enable him to file bail documents (CPL 30.30 [4] [b]). Finally, the 18-day period from November 24 to December 12, 1986 is chargeable to defendant as a "reasonable period of delay resulting from other proceedings", viz., defendant's demand to produce (CPL 30.30 [4] [a]). Defendant concedes that he served a "discovery agreement" upon the People on November 24 and that the People supplied him with discovery material on December 12. The discovery agreement specifically states that it is to be treated as a demand to produce, and we conclude that the People's compliance with the discovery demand within 18 days was reasonable.

The aforementioned periods of delay total 40 days. Subtracting such period from the time between commencement and the People's declaration of readiness renders such declaration timely. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—robbery, second degree; grand larceny, third degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.