Jerome WILLIAMS, Petitioner,

v.

George BARTLETT, Respondent,

and

Howard R. Relin, District Attorney of Monroe County, Intervenor.

No. 93–CV–6157L.

United States District Court, W.D. New York.

Jan. 14, 1994.

---

Jerome Williams, pro se.

Loretta S. Courtney, Monroe County Dist. Atty., Rochester, NY, for respondent.

## DECISION AND ORDER

LARIMER, District Judge.

This is a *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, Jerome Williams, currently incarcerated at Southport Correctional Facility, claims that his conviction for third degree and seventh degree criminal possession of a controlled substance was obtained in violation of the Constitution.

Williams was convicted after a jury trial before Judge John D. Doyle, Monroe County Court, on December 18, 1990 and was sentenced to a term of incarceration of six to twelve years imprisonment on January 15, 1991. On March 13, 1992, his conviction was affirmed by the Supreme Court of the State of New York, Appellate Division, Fourth Department.[1] Leave to appeal to the New York State Court of Appeals was denied on May 19, 1992. On February 23, 1993, Williams' motion pursuant to N.Y.Crim.Proc. Law § 440.10 was denied by Judge Doyle. This petition was filed on April 2, 1992. For the reasons set forth, the petition is dismissed.

## FACTS

Williams was arrested on September 26, 1989 by Police Officer Michael Amory for selling to him twenty grams of a substance which was later identified as cocaine. On that day, Amory was working in an undercover capacity and had been assigned to attempt to purchase cocaine from the individuals residing at 15 Phelps Avenue in Rochester, New York.

As Amory attempted to enter the residence at 15 Phelps Avenue, he was approached by an unknown man who suggested that he knew a location where Amory could get drugs of a higher quality than at Phelps Avenue. Amory followed the man to an area known as "the Hole," which was a large vacant lot behind the buildings on Lake Avenue.

Once at the Hole, the individual called to Williams, who was located at an upstairs window in one of the buildings. Williams came down and then proceeded to sell Amory twenty grams of cocaine for $20.00. Amory paid Williams and left with the cocaine to rendezvous with the other members of the undercover team.

Shortly thereafter, Amory returned to the Hole with Police Office Frank Alvarado. When Amory and Alvarado confronted Williams and attempted to place him under arrest, Williams fled. Amory reached for Williams but was only able to grab his coat. Williams fled without the coat but, eventually, after a prolonged chase, he was apprehended.

A search of Williams' coat revealed nineteen more bags of cocaine. Williams was charged with criminal possession of a controlled substance in the third degree in violation of N.Y.Penal Law § 220.16(1) for his sale to Amory and Criminal Possession of a Controlled Substance in the Seventh Degree in violation of N.Y.Penal Law § 220.03 for possessing the nineteen bags of cocaine.

## DISCUSSION

In his habeas petition, Williams raises two grounds for relief: (1) that his conviction was obtained "by corrupt police officers"; and (2) that he was denied his right of self-representation. In addition, Williams seeks to amend

1. *People v. Williams,* 181 A.D.2d 995, 582 N.Y.S.2d 47 (4th Dep't 1992).

his petition to add the claim that he was improperly denied an opportunity to be present at a *Sandoval*[2] hearing where his prior criminal record was discussed for impeachment purposes.

## I. Exhaustion of State Remedies

■ A state prisoner seeking federal habeas review of his conviction must first exhaust his state court remedies as to his federal constitutional claims. *Rose v. Lundy*, 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982); *McGann v. New York*, 870 F.2d 908, 910 (2d Cir.1989). A claim is deemed to be exhausted if it is fairly presented to the highest court of the state. *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991); *Daye v. Attorney General of N.Y.*, 696 F.2d 186, 191 (2d Cir.1982), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

Williams' claim that his conviction was obtained by corrupt police officers was not raised on direct appeal. It was raised in Williams' motion to vacate his conviction made in Monroe County Court pursuant to N.Y.Crim.Proc.Law § 440.10. This motion was denied but it was never appealed. By failing to appeal the denial of his § 440.10 motion, Williams has not exhausted his state remedies with respect to his first ground for relief. *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990).

■ Generally, a habeas petition containing exhausted and unexhausted claims must be dismissed in it entirety. *Rose*, 455 U.S. at 519, 102 S.Ct. at 1203. However, in his correspondence with the Court, Williams acknowledges that this claim was not made on direct appeal and requests that it be withdrawn from his habeas petition.

Therefore, Williams' first claim is deemed withdrawn.[3] *Rose*, 455 U.S. at 520, 102 S.Ct. at 1204; *Rock v. Coombe*, 694 F.2d 908, 914 (2d Cir.1982), *cert. denied*, 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 345 (1983).

## II. Right of Self–Representation

■ The Sixth Amendment guarantees the right to proceed *pro se* to "all criminal defendants who knowingly, voluntarily, and unequivocally waive their right to appointed counsel." *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir.1986) (citing *Faretta v. California*, 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541–42, 45 L.Ed.2d 562 (1975)). A state court's violation of this Sixth Amendment right requires automatic reversal of a criminal conviction and is not subject to a harmless error analysis. *Id.* at 218. *See also Dorman v. Wainwright*, 798 F.2d 1358, 1370 (11th Cir.1986), *cert. denied*, 480 U.S. 951, 107 S.Ct. 1616, 94 L.Ed.2d 801 (1987); *United States v. Rankin*, 779 F.2d 956, 960–61 (3d Cir.1986); *Wilson v. Mintzes*, 761 F.2d 275, 286 (6th Cir.1985); *Bittaker v. Enomoto*, 587 F.2d 400, 403 (9th Cir.1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979); *Chapman v. United States*, 553 F.2d 886, 891–92 (5th Cir.1977).

However, this right of self-representation will only be enforced when the defendant declares his desire to proceed *pro se* clearly and unequivocally. *Hodge v. Henderson*, 761 F.Supp. 993, 1001 (S.D.N.Y.1990), *aff'd*, 929 F.2d 61 (2d Cir.1991) (citing *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541).

■ In its decision, affirming Williams' conviction, the Appellate Division held that "[b]ecause defendant repeatedly changed his position regarding *pro se* representation, his request to proceed *pro se* cannot be deemed unequivocal." *People v. Williams*, 181 A.D.2d 995, 582 N.Y.S.2d 47 (4th Dep't 1992). I have reviewed the transcripts of the state court proceedings and, giving deference to the factual determinations of the state courts as required by 28 U.S.C. § 2254(d), I find that Williams request to proceed *pro se* was not unequivocal.

Williams proceeded *pro se* at his arraignment on January 29, 1990 before Judge Doyle. At a calendar call before Judge Doyle on February 15, 1990, an attorney from the Public Defender's Office informed

---

**2.** *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 S.E.2d 413 (1974).

**3.** In light of the fact that this claim has been withdrawn, I make no finding as to whether this claim states a cognizable federal constitutional claim.

the judge that Williams wanted her to represent him. Williams was not present at this calendar call.

On February 27, 1990, Williams was present in court before Judge Doyle when it was confirmed that he would be represented by the Public Defender's Office. On March 1, 1990, Williams appeared, with his attorney, before Judge Doyle and dates for filing and arguing various motions were scheduled.

On March 22, 1990, Williams and his attorney, appeared before Judge Doyle to file various motions and to reschedule argument dates. On April 3, 1990, Williams and his attorney again appeared before Judge Doyle and a suppression hearing was scheduled. Up to this point, except for his arraignment, Williams was represented by counsel at several court appearances, and he never renewed his request to proceed *pro se.*

On July 5, 1990, Williams and his attorney appeared before Judge Donald Purple for a suppression hearing. Williams' attorney informed Judge Purple that Williams desired to proceed *pro se.* After being informed by Judge Purple of the pitfalls of proceeding *pro se*, and after Judge Purple ruled against him on an application made by his court appointed attorney to dismiss the indictment, Williams changed his mind and rescinded his request to proceed *pro se.*

On September 18, 1990, the matter was placed on Judge Doyle's calendar solely to hear argument on Williams' request to proceed *pro se.* This was Williams' third request to proceed *pro se.* Judge Doyle denied Williams' request to proceed *pro se.*

On October 18, 1990, Williams and his attorney appeared before Judge Doyle to argue a motion concerning the sufficiency of the People's Bill of Particulars. After hearing argument on the matter, Judge Doyle acknowledged receiving a letter from Williams in which he requested appointment of a new attorney. Judge Doyle denied that request. Williams did not request to proceed *pro se* at any other time prior to trial.

It is clear from this record, that Williams did not make an unequivocal request to proceed *pro se.* On at least two occasions, Williams had initially requested to proceed *pro se* but then changed his mind and proceeded with counsel. The fact that Williams at one point requested to change attorneys does not constitute a request to proceed *pro se.* Of course, there was no requirement that Judge Doyle grant Williams' request for a different lawyer.

Williams' final request to proceed *pro se* was denied by Judge Doyle on September 18, 1990. At no time during the balance of the pretrial proceedings or during trial did Williams renew his request. In light of Williams' past flip-flops concerning his request to proceed *pro se*, it was well within Judge Doyle's discretion, and more prudent, to deny Williams' request. A court should not have to guess, at its peril, when an indigent defendant *really* wants to proceed *pro se* and when he is just using the request as a tactic to change lawyers or disrupt proceedings. The Fourth Department of Supreme Court, on appeal, also determined as a fact that Williams had not made an unequivocal request to proceed *pro se.* That finding is presumed to be correct unless it is unsupported by the record. 28 U.S.C. § 2254(d). Aside from that presumption, it is clear to me based on my own independent review of the record that Williams made no unequivocal request to proceed *pro se.* Therefore, in the absence of a clear and unequivocal request to proceed *pro se*, there is no basis to grant the petition on this ground. *Hodge,* 761 F.Supp. at 1003.

### III. Amending Habeas Petition

Williams seeks to amend his habeas petition to add the claim that his constitutional rights were violated when he was not present at a hearing conducted pursuant to *People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974).

There are no specific habeas corpus rules with respect to the amendment of a habeas petition. *See* Rules Governing Section 2254 Cases. It is clear, however, that a petitioner cannot raise a claim which has not been presented to the highest court of the state. *Rose v. Lundy,* supra; *Grey v. Hoke,* supra; *McGann v. New York,* supra; *Daye v. Attorney General of N.Y.,* supra.

It appears that this is the first time that Williams has raised this issue. Since this claim has not been properly exhausted it cannot now be considered in federal court and, therefore, Williams' motion to amend his petition is denied. *See Dean v. Smith,* 753 F.2d 239, 241 (2d Cir.1985) (addressing merits of an amended claim after determining whether it was properly exhausted).

### CONCLUSION

Petitioner's petition for writ of habeas corpus is dismissed.

For the reasons set forth above and because the issues raised in the petition in my view are not the type that a court could resolve in a different manner and because I do not believe that the issues are debatable among jurist of reason, I conclude that this petition presents no federal question of substance worthy of attention from the Court of Appeals and, therefore, pursuant to 28 U.S.C. § 2253 and Fed.R.App.P. 22(b) I hereby deny a certificate of probable cause. Petitioner must file any Notice of Appeal with this Court within thirty (30) days of the date of entry of the judgment.

IT IS SO ORDERED.