16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas H. ELLISON, Petitioner-Appellant,
v.
Robert BROWN, et al., Respondents-Appellees.
 No. 92-1511.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1994.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner-Appellant Thomas H. Ellison ("Ellison") appeals the district court's April 10, 1992 judgment dismissing his petition for federal habeas relief. In substance, Ellison asserted that under Detroit Recorder's Court rules, his state trial judge lacked jurisdiction to sit, and that a resulting unfair trial and sentence violated his due process and equal protection rights. Dismissing Ellison's claims with prejudice, the district court reasoned that the disputed Recorder's Court rule was procedural and did not deprive the state trial court of jurisdiction, that there was no indication the trial was unfair, and, therefore, Ellison's state court conviction was constitutionally proper. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 Following a September 27, 1980 incident which resulted in the death of James King and the wounding of Paulette Gordon, Recorder's Court Judge Leonard Townsend issued a complaint and warrant for Ellison's arrest.
 
 
 3
 Judge Townsend later presided over Ellison's four-day jury trial, and on April 22, 1981, the jury convicted Ellison of first degree murder, assault with intent to do great bodily harm, and felony firearm. On May 1, 1981, Judge Townsend sentenced petitioner to life imprisonment for the murder conviction to run concurrently with six to 10 years for the assault conviction, and a consecutive term of two years for the felony firearm conviction.
 
 
 4
 Ellison filed a timely appeal of right with the Michigan Court of Appeals. At this time, he did not allege Judge Townsend lacked jurisdiction to preside at trial. On August 30, 1982, the Michigan Court of Appeals affirmed Ellison's convictions.
 
 
 5
 Ellison sought review by letter request to the Michigan Supreme Court, where, for the first time he argued that Judge Townsend served as "examining magistrate" because he issued the arrest warrant, and under Rule 8 was prohibited from presiding over Ellison's trial. The Supreme Court clerk advised Ellison that presentation of this issue to the Michigan Supreme Court necessitated filing an application for leave to appeal. Ellison failed to apply for leave to appeal, and, consequently, on August 16, 1983, the Michigan Supreme Court denied review.
 
 
 6
 Seven years later, Ellison filed for state habeas corpus relief in the Michigan Court of Appeals, raising the issues presented in the present federal habeas corpus case. On June 19, 1990, the Michigan Court of Appeals denied Ellison's writ of habeas corpus.
 
 
 7
 On September 11, 1990, Ellison sought Michigan Supreme Court review of the denial of his habeas writ. In letters dated September 20, 1990 and November 15, 1990, the Michigan Supreme Court denied review finding Ellison's appeal untimely.
 
 
 8
 On March 26, 1991, Ellison petitioned for writ of habeas corpus in the United States District Court for the Eastern District of Michigan. Based on Respondents' assertion that Ellison failed to exhaust available state remedies, on March 19, 1992 the district judge dismissed Ellison's claim without prejudice.
 
 
 9
 A month later the district judge granted Ellison's motion for reconsideration, and upon reconsideration, reversed his earlier ruling that Ellison failed to exhaust his state remedies. The judge, however, dismissed the petition finding the state court conviction constitutionally proper. This timely appeal followed.
 
 II.
 A.
 
 10
 A state prisoner must exhaust all available state remedies before he is entitled to federal habeas review. 28 U.S.C. Sec. 2254(b) and (c); Ex Parte Royall, 117 U.S. 241, 252-53 (1886). Because Ellison failed to present his federal claims on his first direct appeal, and because he failed to appeal his habeas corpus claim to the Michigan Supreme Court in a timely manner, we find Ellison does not meet federal exhaustion requirements.
 
 1.
 
 11
 We first address whether Ellison exhausted federal issues on his direct appeal of right.
 
 
 12
 In Michigan, a petitioner challenging a conviction must raise each federal issue in both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas relief. Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir.1973). Ellison did not present his federal claims to the Michigan Court of Appeals on direct appeal. His briefs did not mention Detroit Recorder's Court Rule 8 nor jurisdiction of the trial judge.
 
 
 13
 Similarly, Ellison's later attempt to raise the issues before the Michigan Supreme Court does not constitute exhaustion. The substance of a federal claim by a state prisoner must first be presented to state courts. Picard v. Connor, 404 U.S. 270, 278 (1971). Thus, the exhaustion requirement is only satisfied after a petitioner has "fairly presented" to the state courts the same legal claims he presents in his federal petition. Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir.1984) (citing Daye v. Attorney General, 696 F.2d 186, 191-92 (2d Cir.1982) (en banc ), cert. denied, 464 U.S. 1048 (1984)). Ellison did not "fairly present" his argument in any constitutional context. Ellison's claim that Recorder's Court Rule 8 was violated is not the substantial equivalent of a claim that the violation of Rule 8 resulted in a due process deprivation. Consequently, Ellison did not exhaust his claims on his direct appeal.
 
 2.
 
 14
 Recognizing Ellison failed to exhaust state remedies on direct appeal, we must consider whether the subsequent complaint for writ of habeas corpus met federal exhaustion requirements.
 
 
 15
 Where the petitioner does not present his claims to both Michigan courts by the proper procedural vehicle, he has not satisfied federal exhaustion requirements. See Ex Parte Hawk, 321 U.S. 114 (1944); Dean v. Smith, 753 F.2d 239, 241 (2d Cir.1985). On June 19, 1990, the Michigan Court of Appeals denied Ellison's writ of habeas for lack of merit, and Ellison failed to file an appeal to the Michigan Supreme Court until September 11, 1990. An appellant must file leave to appeal a decision of the Michigan Court of Appeals to the Michigan Supreme Court within 56 days of the lower court's decision. Applications filed beyond this deadline are not accepted. Mich.C.R. 7.302(C)(3). Because Ellison failed to meet this deadline, the Michigan Supreme Court never had a fair opportunity to consider his claims. Additionally, Ellison still has available to him Michigan post-conviction remedies under Mich.C.R. 6.501-.509.
 
 
 16
 Consequently, Ellison failed to exhaust the matter in the state courts, and thus failed to meet federal exhaustion requirements for a writ of habeas corpus.
 
 B.
 
 17
 Although we hold Ellison did not exhaust his remedies in state court, in the interest of judicial economy we evaluate the merits of this case. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).
 
 
 18
 The initial question is whether an alleged violation of Rule 8 results in a constitutional violation appropriate for habeas corpus proceedings. Nonconstitutional claims are not cognizable in federal habeas corpus proceedings. Smith v. Phillips, 455 U.S. 209, 221 (1982); Long v. Smith, 663 F.2d 18, 23 (6th Cir.1981), cert. denied, 455 U.S. 1024 (1982).
 
 
 19
 Ellison claims the alleged violation of Rule 8 denied him due process of law and equal protection of laws guaranteed by the 14th Amendment, and rights of confrontation and cross-examination ensured by the 6th Amendment. Recorder's Court Rule 9 states in part:
 
 
 20
 ... Requests for arrest warrants, and search warrants in cases of alleged felonies and high misdemeanors shall be presented to, and the warrant shall issue in the name of the Examining Magistrate. In his absence such warrants may be issued and signed by any available regular Judge of this Court ...
 
 
 21
 Ellison asserts that any judge issuing a warrant becomes "Examining Magistrate" since Rule 9 initially directs all requests for warrants to the examining magistrate.
 
 
 22
 Recorder's Court Rule No. 8 provides in part:
 
 
 23
 ... Whenever any Judge shall have acted as Examining Magistrate in any case he shall not be assigned to the trial of that case, except with the expressed consent of counsel for all parties entered upon the record in open Court.
 
 
 24
 Having established Judge Townsend as an "Examining Magistrate," Ellison then claims Rule 8 was violated because Townsend presided as his trial judge.
 
 
 25
 First, relying on People v. Ramsey, 385 Mich. 221, 187 N.W.2d 887 (1971), Ellison argues the alleged Rule 8 violation denied his rights of confrontation and cross-examination. In Ramsey, the Michigan Supreme Court stated the purpose of Rule 8 was to protect defendants' rights to confrontation and cross-examination. Ramsey, 385 Mich. at 224-225, 187 N.W.2d at 889. Ramsey, however, is distinguishable from the instant case. In Ramsey, the Michigan Supreme Court was disturbed that the trial judge, as factfinder, reviewed a transcript of the preliminary examination and may have obtained facts or testimony not presented at trial. In Ellison's case, however, a jury, not Judge Townsend, served as factfinder. Additionally, although Judge Townsend issued the arrest warrant, there is no evidence he reviewed the preliminary examination transcript. Ellison fails to cite witnesses, testimony or information presented to the factfinder, the jury, which he did not have the opportunity to confront and cross-examine. Consequently, we find Ramsey inapplicable, and hold Ellison's rights of confrontation and cross examination were not violated.
 
 
 26
 Second, Ellison claims the alleged violation of Rule 8 resulted in "both the appearance of and the danger of partiality" by the judge, thus violating of his due process guarantees. Ellison, however, fails to specify any particular partiality or injustice exhibited during his trial resulting from Judge Townsend's issuance of the arrest warrant. Absent such evidence, we assume the trial was fair and will not question the verdict.
 
 
 27
 Finally, Ellison argues the violation of Rule 8 in itself necessitates a finding of a denial of due process. The violation of a state rule, by itself, does not present a federal constitutional question. Snowden v. Hughes, 321 U.S. 1, 11 (1944), Combs v. State of Tennessee, 530 F.2d 695, 698 (6th Cir.), cert. denied, 425 U.S. 954 (1976). We find a breach of Rule 8 is not a per se constitutional violation.
 
 
 28
 Because we find no constitutional violations, we are not compelled to determine whether Judge Townsend's issuing of Ellison's arrest warrant and presiding over the trial actually violated Rule 8.
 
 III.
 
 29
 For the foregoing reasons, we AFFIRM the judgment of the Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan.