*Bowman et al. v. Capra*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

| | |
|---|---|
| Tyrone Bowman, Corneal Cordon, Bruce Bryant, Eric Davidson, Herbert Deas, Reggie Edwards, Jerome Johnson, Eugene Kindell, A.A., Anthony Puckett, Nelson Rodriguez, B.B., Victor Rondon, Wilfredo Ruiz, Epifanio Santiago, Lance Sessoms, Michael Sims, Jose Tayo, | No. 21-1822 |

Petitioners–Appellants,

v.

Michael Capra, Superintendent, Sing Sing Correctional Facility,

Respondent–Appellee. *

_____

| | |
|---|---|
| **FOR PETITIONERS-APPELLANTS:** | MATTHEW BOVA (Robert S. Dean, *on the briefs*), Center for Appellate Litigation, New York, NY. |

---

* The Clerk of the Court is directed to amend the caption to conform to the above.

**FOR RESPONDENT-APPELLEE:**  ANDREW W. AMEND, Assistant Deputy Solicitor General (Michelle Maerov, Assistant Attorney General, Nikki Kowalski, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the briefs*), *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

This is an appeal from the dismissal of a federal habeas petition brought in September 2020 by nineteen New York State prisoners who were, at the time, serving their sentences at Sing Sing Correctional Facility.  Petitioners alleged that their characteristics, which range from having chronic respiratory ailments to simply being over the age of fifty, placed them at particularly high risk during the pandemic such that "[o]nly temporary release from prison can protect them from the grave threat of COVID-19."  App'x 102.  The district court concluded that Petitioners had failed to adequately exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).  *See Acevedo v. Capra*, 545 F. Supp. 3d 107, 118–20 (S.D.N.Y. 2021).  The district court also held that Petitioners' claim was ultimately a challenge to their conditions of confinement and therefore was not cognizable in habeas and should have been brought under 42 U.S.C. § 1983.  *Id.* at 112–18.  The district court granted a certificate of appealability (COA) limited to the question of whether Petitioners' request for release was cognizable as a habeas corpus action.  This case was heard in tandem with two others presenting the same question in substantially the same procedural

2

posture. Today we dismiss all three of these cases in separate summary orders for the reason explained below.

Petitioners first sought release on May 8, 2020, in the Westchester County Supreme Court, through an *ex parte* order to show cause under the New York state habeas corpus statute. *See* C.P.L.R. § 7002(a). Petitioners raised the same claim they now pursue in federal court: that their continued detention at Sing Sing during the COVID-19 pandemic violated the Eighth Amendment in light of their ages and health. Three days after Petitioners filed the state habeas petition, the presiding judge (Cacace, *J.*) notified Petitioners' counsel via email that the court had declined to sign the proposed *ex parte* order because Petitioners did not "raise a legitimate allegation of an illegal detention as required by the [state habeas] statute." App'x 148. Later, at Petitioners' request, the court publicly docketed Petitioners' proposed order with the written notation "declined to sign." App'x 145–46.

On June 9, 2020, Petitioners filed a notice of appeal from this decision under C.P.L.R. § 7011, but that appeal was never perfected. Instead, after the court publicly docketed its denial of the petition, Petitioners sought appellate review via C.P.L.R. § 5704(a), which allows a litigant to request that the Appellate Division issue an order to show cause that was denied below. A single justice of the Second Judicial Department, Appellate Division (LaSalle, *J.*) denied Petitioners relief on July 20, 2020. Petitioners did not further appeal in the state court system but rather filed this habeas petition in federal court raising the same claim for relief under the Eighth Amendment. As noted above, the district court dismissed the petition both for failure to exhaust and because it did not consider the claim to be cognizable in habeas.

3

The COA granted by the district court explicitly excludes the question of whether Petitioners failed to exhaust their remedies in the New York state courts. Thus, unless we grant Petitioners' request to expand the COA, the question before this Court is only whether the district court properly concluded that Petitioners' claims are not cognizable as a federal habeas corpus petition. To expand the COA to include the question of exhaustion, we would have to conclude that "jurists of reason would find it debatable whether the district court was correct in" holding that Petitioners failed to adequately exhaust state court remedies. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).

By its terms, 28 U.S.C. § 2254 requires that an individual in state custody seeking a federal writ of habeas corpus first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This requirement serves to ensure that state courts have "the opportunity fully to consider federal-law challenges to" state prisoners' incarceration. *Duncan v. Walker*, 533 U.S. 167, 178 (2001). "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). If a petitioner "use[s] the wrong procedural vehicle, the state courts never ha[ve] a fair opportunity to pass on his claim." *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985). Here, Petitioners' failure to perfect and pursue their direct appeal under C.P.L.R. § 7011, which explicitly authorizes direct appeals from the denial of a state habeas petition, constitutes a failure to exhaust. Contrary to Petitioners' arguments, the Appellate Division's two-line unpublished decision in *In re Nonhuman Rights Project, Inc. v. Stanley*, No. 2014-1825, 2014 WL 1318081 (N.Y. App. Div. Apr. 3, 2014), dismissing an appeal from an order

4

denying habeas relief to a pair of chimpanzees, does not undermine the longstanding and explicit availability of direct appeal to the Appellate Division when the New York Supreme Court denies habeas corpus relief to a human prisoner. Nor do we agree with Petitioners that requiring further state court exhaustion would violate their due process rights. The New York courts have been open for business and have granted habeas relief to prisoners throughout the pandemic. To the extent Petitioners believe they "may have been unlikely to grant [habeas] relief," that is not an excuse for failing to pursue state law remedies before proceeding to federal court. *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003). Accordingly, we decline expand the COA to include this issue.

Having declined to expand the COA, we must dismiss the appeal for lack of appellate jurisdiction. "Here, any disposition on the issue of" whether these claims are cognizable in habeas "would have no legal effect because the district court's unchallenged judgment on" exhaustion "precludes our granting [Petitioners] relief, whatever our view on the [cognizability] issue." *Green v. Mazzucca*, 377 F.3d 182, 183 (2d Cir. 2004); *see also Rhagi v. Artuz*, 309 F.3d 103, 107 (2d Cir. 2002) ("Because the District Court denied a COA with respect to the question of procedural bar, and because a COA will not issue in this Court for the reasons stated above, the appeal is Dismissed for lack of appellate jurisdiction."). We recognize that this case implicates an important question over which the district courts would benefit from guidance. However, the Constitution allows us to provide such guidance only in the context of resolving an ongoing case or controversy. The district court's exhaustion holding means that, whatever we say about the cognizability of this claim in habeas, our decision would not have any practical effect on the outcome of this case. Therefore, we must dismiss.

5

We have considered Petitioners' remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court