Clarence Duke McGANN, a/k/a John
French, Petitioner–Appellant,

v.

The STATE OF NEW YORK,
Respondent–Appellee.

No. 761, Docket 88–2442.

United States Court of Appeals,
Second Circuit.

Submitted Feb. 10, 1989.

Decided March 23, 1989.

Clarence Duke McGann, pro se.

Lisa M. Rubin, Bronx, N.Y. (Asst. Dist. Atty., Bronx County, Robert T. Johnson, Dist. Atty., Bronx County, Billie Manning, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before FEINBERG, KEARSE and WINTER, Circuit Judges.

FEINBERG, Circuit Judge:

Clarence Duke McGann appeals from an order of the United States District Court for the Southern District of New York, Vincent L. Broderick, J., dated January 25, 1988, dismissing McGann's petition for a writ of habeas corpus. The district court approved and adopted the Report and Recommendation of Magistrate Joel J. Tyler, dated October 6, 1987, recommending that the court dismiss the petition due to appellant's unjustified failure to take an appeal in the state courts from his conviction in absentia. For the reasons given below, we modify the judgment of the district court so that the dismissal of the petition is without prejudice.

Background

In August 1981, appellant was charged in the New York State courts with Criminal Possession of a Controlled Substance in the Third Degree and Criminal Possession of a Weapon in the Third Degree. The case was set down for trial in January 1982. On January 22, 1982, appellant informed the trial judge that he wanted to retain new counsel. The court granted an adjournment until January 25th and then an additional one-day adjournment due to the new attorney's lack of familiarity with the case.

On January 26th, McGann was observed by the trial judge and the district attorney in the courthouse, yet he failed to appear for trial. McGann admits that he was in the courthouse and claims that he fled because his newly appointed attorney advised

him to plead guilty and because the police "were trying to have him killed." After waiting for appellant's return, the trial court ordered an investigation to locate him. When the investigation turned up nothing, the trial court concluded that appellant had "voluntarily absented himself" from the trial and that the state had made a diligent effort to locate him. On those grounds, the judge ordered appellant tried in absentia.

In February 1982, appellant was convicted in absentia, after a jury trial, of the two offenses with which he had been charged, and was sentenced in absentia to concurrent, indeterminate terms of from 8⅓ years to 25 years and 2⅓ years to seven years imprisonment, respectively. After appellant's conviction, his attorney served a timely notice of appeal on the Bronx District Attorney's office on appellant's behalf, but apparently never filed it in the Bronx County Supreme Court.

In March 1983, more than a year after appellant's conviction in absentia in New York, he was arrested in Pensacola, Florida while a warrant issued by the State of New York was outstanding. After his capture in Florida, he was convicted for weapon and narcotics possession in Florida and sentenced to ten years in prison there.

In July 1983, appellant filed a pro se motion pursuant to New York's Criminal Procedure Law § 440.10, to vacate his New York conviction. The motion was denied. In January 1984, appellant's new counsel moved to vacate the judgment or to have a hearing to determine whether the judgment should be vacated pursuant to Criminal Procedure Law § 440.10 on the grounds that the trial court lacked jurisdiction of the case; material evidence used in the trial was obtained contrary to the New York and United States Constitutions; and the judgment was obtained in violation of the defendant's constitutional rights.

In May 1984, the Supreme Court of the State of New York, Bronx County, Silverman, J., denied on procedural grounds appellant's motion to vacate the judgment. In its order, the trial court held that Criminal Procedure Law §§ 440.10(2)(b) and (c)

precluded the court from entertaining the motion.

Instead of appealing the trial court's order, appellant sought a writ of mandamus from the Appellate Division, First Department compelling the lower court to rule on the substance of appellant's motion to vacate the judgment. In December 1984, the Appellate Division unanimously denied appellant's application, and then denied his petition to reargue in January 1985.

In October 1986, appellant petitioned the federal district court for a writ of habeas corpus. The petition realleged, among other things, the substantive claims that were denied on procedural grounds by the state court. The petition was referred to Magistrate Tyler by the district court, and in October 1987, the magistrate reported to the court and recommended that it deny the writ and dismiss the petition. The magistrate reasoned that appellant had forfeited his right to raise his federal constitutional claims in a habeas corpus proceeding in federal court due to his unjustified failure to pursue a direct state court appeal of his 1982 conviction. In January 1988, Judge Broderick approved and adopted the magistrate's Report and Recommendation, and in May 1988 denied appellant's motion for a rehearing.

In December 1987, appellant was released from prison in Florida and immediately rearrested pursuant to the New York detainer. Appellant was returned to New York in March 1988, and his sentence in absentia was executed in the Supreme Court of the State of New York, Bronx County, Hecht, J. By this time, as already indicated, appellant had filed his habeas corpus petition in the federal district court, and that petition had been dismissed by Judge Broderick. Nevertheless, appellant continued to seek relief in the state courts; in April 1988, he filed a timely notice of appeal in state court from the state order of execution of his sentence. At about the same time, appellant also sought from the state court in forma pauperis relief and appointment of counsel.

Meanwhile, appellant also continued his litigation in the federal courts. Claiming

that he never received a copy of the decision denying his petition for a rehearing, appellant in August 1988 asked the district court to vacate that order and then reinstate it, to allow appellant to file a timely appeal to this court. In September 1988, Judge Broderick acceded to the request, and this appeal followed.

## Discussion

In its decision below, the district court applied the "cause and prejudice" standard of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), in deciding that appellant's failure to appeal his state court conviction prevents him from obtaining habeas corpus relief. A review of the merits of this ruling would seem to require us to decide whether *Sykes* has effectively overruled the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), see *Forman v. Smith*, 633 F.2d 634, 640 n. 8 (2d Cir.1980), cert. denied, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981), where the procedural default by a state prisoner "eliminates an entire stage of court proceedings." Id.; compare *Clark v. State of Texas*, 788 F.2d 309, 310–11 (5th Cir.1986) (per curiam) (concluding that *Sykes* applies to a case where petitioner had not appealed his conviction) with *Holcomb v. Murphy*, 701 F.2d 1307, 1310 (10th Cir.) (dictum) (*Noia* standard applies when petitioner fails to take direct appeal), cert. denied, 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983). However, the procedural posture of this case persuades us that we should not decide the appeal on the merits but should direct that the petition be dismissed without prejudice for failure to exhaust state remedies.

The district court found that appellant had exhausted his state remedies because he had exhausted all the remedies still available to him at the time he filed his habeas corpus application in federal court. *Humphrey v. Cady*, 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972). The district court found that appellant was time barred from taking or perfecting an appeal from the judgment of conviction and from taking or perfecting an appeal from his post-conviction motion to vacate the conviction. As already indicated, however, after the district court's judgment dismissing the petition, appellant filed an apparently timely notice of appeal to the Appellate Division, First Department from the order executing his sentence.

The federal habeas corpus statute, 28 U.S.C. §§ 2254(b) and (c), embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies, *Daye v. Attorney General*, 696 F.2d 186, 190–91 (2d Cir.1982) (in banc), cert. denied, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984), unless state procedures would make exhaustion futile. *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam). "In general, the exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Daye*, 696 F.2d at 191. "The requirement that federal courts not exercise habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Id. (citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)).

We believe that a proper concern for comity and for "harmonious relations between the two adjudicatory institutions" indicates that we should dismiss this case in order to give the state courts the possible opportunity to "consider and correct any violation of federal law." Id. Appellant has indicated his intent to raise some of his federal constitutional claims before the state appellate courts in his notice of appeal from the order executing his sentence. Understandably, the magistrate and the district court did not suspect that appellant would attempt to raise these claims in an appeal from the order executing his sentence. In fact, we have located no New

York case in which an individual has successfully challenged a six-year old sentence in an appeal from an order executing a sentence. Yet, we cannot be sure that his attempt to raise these issues will be futile. See *Serrano*, 454 U.S. at 3, 102 S.Ct. at 19.

Appellee argues to us that "petitioner is finally attempting to perfect a direct state court appeal and as of the time of this [federal] appeal, there is no reason to believe petitioner's direct state court appeal will not be heard." In light of the purposes underlying the exhaustion doctrine, we believe it wise to give the state courts the opportunity to pass on these issues. Moreover, we see no persuasive reason to encourage appellant, no stranger to the federal courts,[1] to litigate the same issues simultaneously in the state and federal court systems. Even though appellant's state notice of appeal did not indicate his intention to appeal all of the claims in his habeas petition, we are bound to dismiss petitions containing both exhausted and unexhausted claims. See *Rose v. Lundy*, 455 U.S. at 522, 102 S.Ct. at 1205.

Our holding does not prevent appellant from returning to the federal courts if the state appellate court either refuses to entertain appellant's constitutional claims or rules against him on the merits. Because appellant initiated a state court appeal after petitioning the federal courts for habeas corpus relief, we believe that appellant has failed to exhaust his state remedies, and the petition should be dismissed without prejudice.[2]

---

1. This court's records indicate that appellant has filed at least 11 appeals in the Second Circuit in the past 17 years.

2. Appellant has moved for bail pending appeal and to strike all of appellee's arguments that are inconsistent with the Magistrate's Report and Recommendation because appellee did not "object" to the Report and Recommendation. We deny both motions.