■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CLARENCE DUKE MCGANN, Also Known as JOHN FRENCH, Appellant.—Judgment, Supreme Court, Bronx County (David Blatt, J.), rendered February 26, 1982, convicting defendant, in absentia, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him, in absentia, to concurrent terms of 8-⅓ to 25 years and 2-⅓ to 7 years, respectively, unanimously affirmed.

The trial court properly proceeded with the trial in absentia after determining that defendant's absence was voluntary, the Trial Judge having clearly advised defendant that the trial would commence on the morning he failed to appear in the courtroom, and had himself observed defendant in the courthouse earlier that morning trying not to be seen, and that diligent efforts to locate defendant had been made by the People. Under these circumstances, defendant forfeited his right to be present at trial and sentencing regardless of whether he knew that the proceedings would continue in his absence (see, People v Sanchez, 65 NY2d 436, 443-444).

Defendant's argument that his rights under CPL 30.30 were violated is unpreserved since he never moved to dismiss the indictment on statutory speedy trial grounds (see, People v Martin, 50 NY2d 1029, 1031). Also unpreserved because raised for the first time on appeal is defendant's argument that the prosecution knowingly used perjured testimony (see, CPL 440.10 [1] [c]). Were we to consider this claim in the interest of justice we would find it meritless inasmuch as defendant cites alleged perjury by a person not listed in the clerk's trial minutes as a witness, and no specifics as to the alleged perjury are adduced.

We have considered defendant's remaining contention and find it to be without merit. Concur—Carro, J. P., Wallach, Ross and Asch, JJ.