**Johnny PAGAN, Petitioner–Appellant,**

v.

**John P. KEANE, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.**

**No. 474, Docket 92–2403.**

United States Court of Appeals, Second Circuit.

Argued Nov. 10, 1992.

Decided Jan. 19, 1993.

---

E. Joshua Rosenkranz, New York City, for petitioner-appellant.

Jeanne A. Olivo, Asst. Dist. Atty., New York City (Robert M. Morgenthau, Dist. Atty., Norman Barclay, Asst. Dist. Atty., New York City, on the brief), for respondent-appellee.

Before: NEWMAN, CARDAMONE, and MAHONEY, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This habeas corpus appeal concerns primarily the discretion of a district court to hold an evidentiary hearing concerning a petitioner's factual allegation that he was deprived of a constitutional right. The issue arises on the appeal of Johnny Pagan from the May 28, 1992, judgment of the United States District Court for the Southern District of New York (Kevin Thomas Duffy, Judge) dismissing, without a hearing, his habeas petition challenging his state court conviction for assault, criminal possession of a weapon, and attempted robbery. The District Court ruled that Pagan's hospital bed confession to New York City detectives was voluntary. We agree with the District Court that Pagan has not made an adequate showing on the present record that his confession was coerced. But though the District Court was not required to hold a hearing and enlarge the record, the District Court had discretion to do so. Because the record indicates that the District Court erroneously believed that it was without such discretion, we vacate the judgment dismissing Pagan's petition and remand for further proceedings.

## Background

On October 15, 1987, Pagan and either one or two friends entered the back seat of an automobile driven by Daniel Reed, a

retired police officer who was working as a chauffeur. Reed, observing that Pagan held a gun, responded by drawing his own revolver, which led to Reed and Pagan simultaneously shooting each other. Pagan managed to flee to a waiting car but was later located by police at Lincoln Hospital in the Bronx.

Police detectives Shamus Weir and Thomas McCabe attempted to interview Pagan that day, but were told he was not in condition to speak to them. In fact, Pagan had undergone four hours of emergency surgery, lost a very large amount of blood, and had suffered injuries to his stomach, small intestine, inferior vena cava, and pancreas. Weir and McCabe returned the following day, however, and were allowed to speak to Pagan. After reading Pagan his *Miranda* warnings, the officers obtained both an oral and written confession. This forty-minute interrogation took place some twenty hours after Pagan had emerged from surgery.

Before trial, Pagan moved to suppress his confession. He apparently argued alternatively that the statement was a police fabrication or a coerced confession. The trial court rejected the motion. On the basis of the confession and eyewitness testimony of Reed and a shopkeeper who had observed Pagan fleeing, the jury convicted Pagan of attempted robbery, assault, and criminal possession of a weapon. He was acquitted of a charge of attempted murder. Pagan's argument that his confession was coerced was rejected by the Appellate Division, *People v. Pagan*, 163 A.D.2d 122, 557 N.Y.S.2d 352 (1st Dep't 1990), and leave to appeal was denied by the New York Court of Appeals, 76 N.Y.S.2d 942, 563 N.Y.S.2d 72, 564 N.E.2d 682 (1990). Pagan then filed this petition, again alleging that his conviction had been obtained through a coerced confession.

### Discussion

#### 1. Coerced confession

█ On appeal, petitioner attacks the finding of the state courts and District Court that his confession was not coerced. He asserts that his condition was extreme-ly critical, that he had been given morphine less than three hours before his interrogation, that he had a high fever, that he was required to wear an oxygen mask (which he apparently took off to answer questions), and that at least five tubes or catheters were connected to his body. In light of these facts, he argues that he was subject to overbearing police tactics that overwhelmed his diminished free will. Under somewhat similar circumstances, the Supreme Court has found confessions to be involuntary. *See Mincey v. Arizona*, 437 U.S. 385, 396–402, 98 S.Ct. 2408, 2415–18, 57 L.Ed.2d 290 (1978).

From the record before us, however, we cannot conclude that the finding of voluntariness was in error. Weir testified before the state trial court that though "weakened," the defendant was "very alert [and] able to answer all our questions with no problem." Further, the content of petitioner's statements, which attempted to shift blame for the shooting to an accomplice, suggests that petitioner was well aware of the nature of the police questioning. Petitioner's medical records, which describe petitioner as "awake, alert, and oriented," were also introduced before the trial court. Although petitioner now objects to the significance and interpretation given some of this evidence by the trial court, he has not suggested that the state suppression hearing was so inadequate as to remove the presumption of correctness given state court factual findings. *See* 28 U.S.C. § 2254(d) (1988).

#### 2. Evidentiary hearing

More troubling is the District Court's apparent belief that it was without discretion to hold an evidentiary hearing to inquire into petitioner's factual allegations. While we have ruled that the District Court properly declined to issue a writ on the record before it, the District Court was not limited to that record.

█ At one time, district courts were required to hold evidentiary hearings in habeas cases whenever "for any reason not attributable to the inexcusable neglect of

petitioner, evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing." *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963) (citation omitted). This aspect of *Townsend* was recently overruled by *Keeney v. Tamayo–Reyes,* —— U.S. ——, ——, 112 S.Ct. 1715, 1717, 118 L.Ed.2d 318 (1992). A hearing is now required only when the petitioner can establish cause for his failure to develop an adequate factual record below and prejudice resulting from that failure; it no longer suffices to show merely that he did not deliberately bypass the opportunity to present facts to the state forum.

■ But *Townsend* also made clear that a District Court retained the power to hold a hearing even though one was not required:

> The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the material facts are in dispute, the holding of such a hearing is in the discretion of the district judge. If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing. But he need not. In every case he has the power, constrained only by his sound discretion, to receive evidence bearing upon the applicant's constitutional claim.

372 U.S. at 318, 83 S.Ct. at 760. This aspect of *Townsend* remains the law. As Justice O'Connor observed in dissent, "the district courts ... still possess the discretion, which has not been removed by today's opinion, to hold hearings even where they are not mandatory." *Keeney,* —— U.S. at ——, 112 S.Ct. at 1727; *see Bellamy v. Cogdell,* 974 F.2d 302, 309 (2d Cir. 1992) (in banc). Factors relevant to the District Court's discretionary determination include the existence of a factual dispute, *see Blue v. Lacy,* 857 F.2d 479, 481 (8th Cir.1988), the strength of the proffered evidence, *see Maggio v. Williams,* 464 U.S. 46, 50, 104 S.Ct. 311, 314, 78 L.Ed.2d 43 (1983), the thoroughness of prior proceedings, *see*

*Suggs v. LaVallee,* 570 F.2d 1092, 1113 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978), and the nature of the state court determination, *see Knaubert v. Goldsmith,* 791 F.2d 722, 727 & n. 3 (9th Cir.), *cert. denied,* 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986).

If Judge Duffy should choose to hold a hearing, it is possible that he could make his own decision whether petitioner's confession was coerced, notwithstanding the state court's decision. *Keeney* indicates that 28 U.S.C. § 2254(d) is now to be understood as governing not the question of when hearings are to be held, but only the question whether the ordinary presumption of correctness is to give way. *Keeney,* —— U.S. at —— n. 5, 112 S.Ct. at 1720 n. 5. Deference need not be given when "the material facts were not adequately developed at the State court hearing," 28 U.S.C. § 2254(d)(3), or the District Court finds that the "factual determination is not fairly supported by the record," *id.* § 2254(d)(8). Thus, while Judge Duffy, absent a hearing, should have accorded the state findings a presumption of correctness, a hearing might inform him of such new facts that he need not apply the presumption, *see Suggs,* 570 F.2d at 1115, or should consider it rebutted, *see Ventura v. Meachum,* 957 F.2d 1048, 1054 (2d Cir.1992).

■ Judge Duffy apparently understood petitioner to be making an independent claim for relief on the ground that the state court had not afforded him an adequate hearing. Because petitioner had not raised this due process claim in his application to the New York Court of Appeals, and would now be barred from again seeking leave to appeal, *see* N.Y.Court R.Part 500, § 500.-10(a) (McKinney 1992), the District Court concluded that it was procedurally barred under *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), from considering petitioner's claim for an evidentiary hearing. *See Grey v. Hoke,* 933 F.2d 117, 120–21 (2d Cir.1991). In fact, Pagan made only a single claim for relief in his petition, based on the admission of an allegedly coerced confession, but his supporting memoranda of law addition-

ally argued that the facts were inadequately developed at his state court hearing and that the state court's factual findings were not sufficiently supported in the record. This understandably led Judge Duffy to believe that the request for a hearing was a separate claim. Nonetheless, we think Pagan is entitled to have this procedural request considered as related to and in aid of his substantive challenge to the use of his confession. We conclude that while the State is correct in asserting that petitioner has not made an adequate showing, under *Keeney*, to compel the District Court to afford him an evidentiary hearing, the District Court has ample discretion to provide such a hearing. We will remand for an exercise of that discretion.

3. Harmless error

■■■ The State argues that even if Pagan's confession were found to be coerced, its admission constituted harmless error. If so, an evidentiary hearing would be unnecessary as a matter of law. Admission of coerced confessions can constitute harmless error. *See Arizona v. Fulminante,* —— U.S. ——, —— 111 S.Ct. 1246, 1263–66, 113 L.Ed.2d 302 (1991). We find, however, that the State has failed to demonstrate beyond a reasonable doubt that the jury's verdict would have been the same without the confession. The only physical evidence connecting Pagan to the crime was that he had been shot (and his clothing showed bullet holes), but the State did not attempt to show that Pagan had been shot with Reed's gun. Fingerprints found on the gun used to shoot Reed were inconclusive. The State did offer eyewitness testimony, but Reed had to concede that he had only seen his assailant for a few moments, and the shopkeeper had been unable to identify Pagan at a lineup. Nor did Pagan's accomplices testify against him. There may have been sufficient evidence for a conviction to stand without the confession, but there was not such overwhelming evidence that we can say beyond a reasonable doubt that the verdict would have been the same.

Conclusion

We vacate the judgment dismissing the petition and remand for further proceedings.