Clarence Duke McGANN, Petitioner,

v.

**Walter R. KELLY, Superintendent Attica Correctional Facility, Respondent.**

No. 93 Civ. 2836 (PKL).

United States District Court,
S.D. New York.

June 21, 1995.

---

counsel at the pretrial stage of the proceedings, *see* Petitioner's Affidavit ("Affidavit"), at 6–7; 2) the trial court lost its jurisdiction when the judge dismissed a full panel of jurors before whom petitioner had presented his argument for new counsel, *see* Affidavit, at 9–10; 3) the trial court lacked jurisdiction to bring petitioner to trial *in absentia*, *see* Affidavit, at 10–16; 4) he was denied the effective assistance of counsel on his first direct appeal, *see* Affidavit, at 17; and 5) the trial court lost jurisdiction to sentence petitioner after five years, *see* Affidavit, at 18–20.

Petitioner further alleges bias on the part of the Honorable Peter K. Leisure, United States District Court Judge, Southern District of New York, and the Honorable Leonard Bernikow, United States Magistrate Judge, Southern District of New York. Petitioner has requested that Judge Leisure and Judge Bernikow remove themselves from this case. *See* Petitioner's Written Objections to the Report and Recommendation of Mag. Bernikow ("Objections"), received Feb. 2, 1995, at 1.

Most recently, petitioner filed a motion for bail pending the outcome of the instant habeas corpus petition. *See* Motion and Affidavit for Admission to Bail ("Motion for Bail"), filed May 31, 1995. For the reasons set forth below, McGann's petition is dismissed and his motions are denied.

Clarence Duke McGann, Attica, NY, pro se.

Robert T. Johnson, Dist. Atty., Bronx County, Bronx, NY, for respondent.

## MEMORANDUM ORDER

LEISURE, District Judge:

Petitioner *pro se* seeks his release from custody by way of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner is Clarence Duke McGann. Respondent is Walter B. Kelly, Superintendent of Attica Correctional Facility.

On April 29, 1993, McGann filed a habeas corpus petition with this Court, alleging that: 1) he was denied the effective assistance of

## BACKGROUND

The facts of this case are set forth in the opinion of the Second Circuit in *McGann v. N.Y.*, 870 F.2d 908 (2d Cir.1989) ("*McGann I* "), which addressed petitioner's initial application for habeas relief. In brief, petitioner was convicted on February 1, 1982, in New York State Supreme Court, Bronx County, after a jury trial *in absentia*, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. *See id.* at 908. He was sentenced, again *in absentia*, on February 26, 1982, to concurrent indeterminate terms of imprisonment of from eight and one-third to twenty-five years and two and one-third to seven years, respectively. *See id.* at 909.

In March 1983, petitioner was arrested in Florida, while a warrant issued by New York state was outstanding. Petitioner was convicted of weapon and narcotics possession, and was sentenced in Florida to ten years imprisonment. *See id.* In December 1987, he was released and rearrested pursuant to the New York warrant. He was returned to New York and his sentence was executed. *See id.*

In July 1983, prior to petitioner's release and rearrest, petitioner moved unsuccessfully to vacate his New York conviction, pursuant to N.Y.Crim.Proc.Law § 440.10. *See id.* Although he never filed a direct appeal of his conviction, he did file a direct appeal from the state order executing his sentence. *See id.* Before filing his notice of appeal from the order of execution, however, petitioner sought habeas relief in this Court. Because he "initiated a state court appeal after petitioning the federal courts for habeas corpus relief," *id.* at 911, the Second Circuit found that petitioner had not exhausted his state remedies and dismissed his petition without prejudice. *See id.*

In 1992, in a *pro se* brief before the Appellate Division, petitioner argued that his conviction was obtained by the knowing use of perjured testimony. *See* Exh. 4 to Affidavit in Opposition. He also argued that the prosecution failed to protect his statutory right to a speedy trial, pursuant to N.Y.Crim.Proc. Law § 30.30. *See id.* In addition, petitioner stated that he wished to resubmit the issues he had raised before the Second Circuit in *McGann I. See id.*

In his reply brief to the Appellate Division, petitioner argued that he was denied the effective assistance of pretrial and trial counsel and that the trial court lost jurisdiction when it dismissed a full panel of jurors. *See* Exh. 6 to Affidavit in Opposition.

The Appellate Division unanimously affirmed petitioner's conviction. *People v. McGann*, 186 A.D.2d 392, 588 N.Y.S.2d 1010 (1st Dep't 1992) ("*McGann II*"). The Appellate Division determined that petitioner had voluntarily absented himself from trial and sentence, and that the trial court had properly proceeded in petitioner's absence. *See id.* The Appellate Division also determined that petitioner's statutory speedy trial claim and his knowing use of perjured testimony claim had not been preserved. *See id.* The court found petitioner's remaining contention meritless. *See id.*

On October 14, 1992, petitioner moved for rehearing before the Appellate Division. *See* Exh. 8 to Affidavit in Opposition. On December 17, 1992, the Appellate Division denied the motion for rehearing. *See* Exh. 9 to Affidavit in Opposition. The New York State Court of Appeals thereafter denied leave to appeal. *People v. McGann*, 81 N.Y.2d 889, 597 N.Y.S.2d 950, 613 N.E.2d 982 (1993).

Petitioner next brought several claims before this Court. First, he contended that he had been denied the effective assistance of trial counsel. *See* Affidavit, at 6–7, 16. Second, he argued that the trial court had lost jurisdiction when the trial judge dismissed a full panel of jurors before whom petitioner had started his argument for new counsel. *See* Affidavit, at 9–10. Third, petitioner claimed that he had been improperly tried *in absentia. See* Affidavit, at 10–16. Fourth, petitioner argued that he had not had effective assistance of counsel on his direct appeal. *See* Affidavit, at 17. Lastly, petitioner contended that the State of New York had lost jurisdiction to implement his sentence after a period of five years. *See* Affidavit, at 18–20. Petitioner apparently claimed that after New York withdrew its extradition warrant in favor of the State of Florida, it could not reclaim him. *See id.*

In his October 19, 1993 "Traverse"[1] to respondent's Affidavit in Opposition, petitioner further asserted that he wished to resubmit "all issues raised in the U.S. 2nd Circuit Court of Appeal in the case of McGann vs State," Traverse, at 2. Petitioner was apparently referring to the claims he raised in his initial habeas petition in *McGann I. See* Exhibit 3 to Affidavit in Opposition.

---

**1.** In common law pleading, a traverse signifies a denial. Thus, where a defendant denies any allegation of fact in the plaintiff's declaration, he is said to traverse it, and the plea is frequently termed a "traverse." *Black's Law Dictionary* 1345 (5th ed. 1979).

On July 15, 1994, Judge Bernikow issued a Report and Recommendation ("Report"), advising that petitioner's claims be dismissed. Petitioner now raises objections to this Report. He argues that every issue raised in his initial habeas application is preserved for review by this Court. Additionally, he requests that Judge Leisure and Judge Bernikow recuse themselves from this case because "it appears that both officers have a bias and prejudice against the petitioner, and undue partiality toward the respondent." Objections, at 1.

## DISCUSSION

### I. APPLICATION FOR BAIL

█ Petitioner argues that Magistrate Judge Bernikow is biased and prejudiced against him. He contends that Judge Bernikow "was not be [sic] truthful," Objections, at 1, in his November 4, 1993 Order ("Order") denying petitioner's motion for bail on rehearing. In that Order, Judge Bernikow stated that he had not received petitioner's reply brief waiving all unexhausted claims. Petitioner cites footnote two of Judge Bernikow's July 15, 1994 Report, which acknowledges receipt of petitioner's Traverse. Petitioner contends that "[t]his statement clearly shows that the Mag. did receive the Petitioner's Traverse" and that "it was mandated upon him to rule on the issue of bail after receiving such a waiver." *Id.*

This Court adopts Judge Bernikow's well considered Report in its entirety. The Court finds no support in the record for petitioner's allegations of Judge Bernikow's bad faith. Judge Bernikow did acknowledge receipt of petitioner's Traverse on July 15, 1994. However, in his Order of November 4, 1993, Judge Bernikow stated, "[w]ith respect to petitioner's reply brief, I have not received it as yet. Therefore, petitioner should submit another copy." Order, at 2. There is no reason to believe that Judge Bernikow had received a copy of the Traverse on November 4, 1993.

█ Moreover, although Judge Bernikow did not have petitioner's reply brief before him when he issued the November 4, 1993 Order, he indicated that the standard for allowing bail in a habeas petition is a "difficult one to meet." *Grune v. Coughlin,* 913 F.2d 41, 44 (2d Cir.1990). A petitioner "must demonstrate that 'the habeas petition raise[s] substantial claims and that extraordinary circumstances exist [ ] that make the grant of bail necessary to make the habeas remedy effective.'" *Id.* (quoting *Iuteri v. Nardoza,* 662 F.2d 159, 161 (2d Cir.1981)).

In his November 4, 1993 Order, Judge Bernikow found that the extraordinary circumstances necessary to support a granting of bail did not exist in this case. After reviewing Judge Bernikow's orders under the "clearly erroneous or contrary to law" standard, this Court affirmed and adopted them. *See McGann v. Kelly,* 93 Civ. 2836 (PKL), 1994 WL 30477, Memorandum Order, dated Jan. 31, 1994. On March 7, 1994, this Court issued a final judgment denying petitioner's motion for release on bail and dismissing petitioner's request for a writ of habeas corpus. *See McGann v. Kelly,* 93 Civ. 2836 (PKL), 1994 WL 68452, Judgment, filed on Mar. 7, 1994. On March 31, 1994, the Court vacated the Judgment as premature and reopened petitioner's underlying habeas corpus petition.

Petitioner next requested this Court to issue a certificate of probable cause for his appeal of the Court's January 31, 1994 Order denying his motion for release on bail. However, the Court found that petitioner had failed to demonstrate that his petition was "not frivolous and that it present[ed] some question deserving appellate review." *McGann v. Kelly,* 93 Civ. 2836 (PKL), Memorandum Order, dated Apr. 13, 1994 (quoting *Rodriquez v. Scully,* 905 F.2d 24 (2d Cir. 1990) (per curiam)). Accordingly, the Court denied his request.

The Court also denied petitioner's motion for reargument of the bail application, *see McGann v. Kelly,* 93 Civ. 2836 (PKL), 1994 WL 176983, Memorandum Order, dated May 6, 1994, and petitioner submitted written objections. The Court held, however, that there were no grounds upon which petitioner could raise objections. *See McGann v. Kelly,* 93 Civ. 2836 (PKL), 1994 WL 240384, Memorandum Order, dated May 26, 1994.

The Court of Appeals for the Second Circuit, moreover, subsequently denied petitioner's motion for a certificate of probable cause to appeal this Court's denial of bail pending disposition of the instant habeas petition. *See McGann v. Kelly,* 94 Civ. 2196, Mandate, dated May 18, 1994; *McGann v. Kelly,* 88 Civ. 2442, Mandate, dated Aug. 17, 1994; *McGann v. Kelly,* 94 Civ. 2122, Mandate, dated Sept. 2, 1994.

On March 9, 1995, the Second Circuit again denied petitioner's motion for a certificate of probable cause and dismissed his appeal. *See McGann v. Kelly,* 94 Civ. 2122, Mandate, dated Mar. 9, 1995 ("Mar. 9 Mandate").

On May 31, 1995, petitioner filed another motion for bail pending the outcome of the instant habeas corpus petition. *See* Motion for Bail. As explained more fully in Section II, this Court finds, as did the Second Circuit, that petitioner has "failed to demonstrate that his habeas petition raises 'substantial claims' and that 'extraordinary circumstances' exist that make the grant of bail 'necessary to make the habeas remedy effective.'" Mar. 9 Mandate (quoting *Grune,* 913 F.2d at 43). Moreover, petitioner has failed to obtain a certificate of probable cause as required by 28 U.S.C. § 2253 and Fed. R.App.P. 22(b). *See Grune,* 913 F.2d 41 (2d Cir.1990). Accordingly, petitioner's motion for bail is denied.

## II. ISSUES PRESERVED FOR REVIEW

Magistrate Judge Bernikow recommended a finding that none of the issues raised in petitioner's initial habeas corpus application have been preserved for review by this Court. Petitioner objects to Judge Bernikow's "allegations of what issues have been preserved for habeas corpus review." Objections, at 2. Petitioner contends that every issue brought before the Second Circuit in *McGann I* is now properly before this Court.

In his first request for habeas relief, petitioner raised the following claims: 1) he was denied a fair and impartial trial in accordance with the Constitution because the trial and sentencing occurred in his absence; 2) he was denied the effective assistance of counsel at the pretrial stage of the proceedings; 3) the trial court "viatated [sic] its jurisdiction when it refused newly acquired counsel sufficient time to prepare for trial;" 4) the court lacked jurisdiction to impose a sentence *in absentia.* *See* Exh. 3 to the Affidavit in Opposition.

### A. Trial *In Absentia*

■ Magistrate Judge Bernikow recommended a finding that petitioner's trial was properly held *in absentia.* Petitioner contends that it was not.

■ This Court has held that "[w]here a defendant knowingly and voluntarily waives the right to attend his criminal trial, the decision to hold a trial in absentia is committed to the discretion of the [trial] court." *Smith v. Kelly,* 664 F.Supp. 131, 134–35 (S.D.N.Y.1987) (citing *United States v. Sanchez,* 790 F.2d 245, 250 (2d Cir.1986)). In order for a court to find that a defendant waived this right, "[i]t must clearly appear in the record ... that the defendant was advised when proceedings were to commence and that he voluntarily, knowingly, and without justification failed to be present at the designated time and place...." *Sanchez,* 790 F.2d at 249 (quoting *United States v. Tortora,* 464 F.2d 1202, 1209 (2d Cir.1972)).

The Court finds that petitioner voluntarily and knowingly waived his right to be present at his trial. The trial was scheduled for January 22, 1982, and the court had assembled a panel of fifty prospective jurors. *See* Transcript of Jan. 22, 1982, at 11. Nevertheless, the court granted petitioner's request to replace his attorney. The court adjourned the trial to January 25, 1982, the following Monday, and advised petitioner that he had "better be ready to proceed." *Id.* at 21. On Monday, the court granted an additional one-day adjournment due to the new attorney's lack of familiarity with the case. *See* Transcript of Jan. 25, 1982, at 12. However, on January 26, 1982, petitioner failed to appear for his trial. The trial judge, moreover, saw petitioner in the courthouse that morning "trying not to be seen." *McGann II,* 588 N.Y.S.2d at 1010. The court conducted a search for petitioner and held a hearing

based on that search. *See* Transcript of January 26, 1982, at 17–19. Finding that petitioner had voluntarily absented himself, the court conducted the trial *in absentia*. *See McGann II*, 588 N.Y.S.2d at 1010.

■ Petitioner correctly cites *People v. Parker*, 57 N.Y.2d 136, 454 N.Y.S.2d 967, 440 N.E.2d 1313 (1982), as requiring that a defendant be informed of the right to be present at trial and the consequences of failing to appear for trial. *See* Affidavit, at 11. However, in *Parker*, the record lacked any evidence that Parker knew her trial would proceed in her absence. *Id.* In the instant case, by contrast, the record shows that petitioner was advised when the trial was to commence. Where a defendant refuses to appear or is impossible to locate, the court is authorized to hold a trial *in absentia*. *See Smith*, 664 F.Supp. at 135. The facts clearly show that petitioner knowingly, voluntarily, and without justification failed to appear at the appropriate time and place. Accordingly, petitioner's claim that the trial was improperly held in his absence is rejected.

## B. Ineffective Pretrial Counsel

■ Magistrate Judge Bernikow recommended a finding that petitioner's ineffective pretrial counsel claim is not exhausted because, although petitioner raised this claim in his reply brief before the Appellate Division, *see* Exh. 6 to Affidavit in Opposition, he failed to raise it in his application for leave to appeal to the Court of Appeals. *See* Exh. 10 to Affidavit in Opposition. Petitioner contends that he preserved this claim for review.

" 'In general, the exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim.' " *McGann I*, 870 F.2d at 910 (quoting *Daye v. Att'y Gen.*, 696 F.2d 186, 191 (2d Cir.1982)). By failing to raise his ineffective assistance of counsel claim in his leave application, petitioner did not fairly apprise the Court of Appeals of the factual and legal premises underlying his claim. *See Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir.1991); *see also Thebner v. Miller*, 788 F.Supp. 714, 717 (E.D.N.Y. 1992). Therefore, this Court normally would

be precluded from reviewing the claim. *See Washington v. James*, 996 F.2d 1442, 1446 (2d Cir.1993).

This preclusion would not technically be the result of a failure to exhaust state remedies if petitioner is now unable to raise his claim either on direct appeal, *see* N.Y.Court Rules § 500.10(a) (McKinney Supp.1993), or on collateral review. The preclusion would then be due to a procedural default. *See id.* at 1447.

Under New York law, petitioner no longer has the right to raise his claim on direct appeal in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled, N.Y.Court Rules § 500.10(a) (McKinney Supp.1993). *See James*, 996 F.2d at 1447; *Grey*, 933 F.2d at 120.

Collateral review is barred when a claim has previously been determined on the merits on direct appeal. *See* N.Y.Crim.Proc.Law § 440.10(2)(a); *see also McGann II*, 588 N.Y.S.2d at 1010. The Appellate Division's decision in *McGann II*, however, is unclear as to whether the court considered petitioner's ineffective counsel claim. After discussing petitioner's other claims, the Appellate Division ambiguously refers to petitioner's "remaining contention," 588 N.Y.S.2d at 1010. It is unclear whether petitioner's ineffective counsel claim is this "remaining contention."

If the Appellate Division did not consider petitioner's ineffective counsel claim, then petitioner would be able to seek collateral review and would thus have "remedies available" in New York state courts under 28 U.S.C. § 2254(b). Petitioner's claim would not be procedurally defaulted. Rather, petitioner would have failed to exhaust his state remedies. However, as petitioner has agreed to waive all unexhausted claims, *see* Traverse, at 4, this claim would be dismissed.

If the Appellate Division did consider petitioner's ineffective pretrial counsel claim, then collateral review would be barred, and petitioner would have no further recourse in state court. *See* 28 U.S.C. § 2254(c); *James*, 996 F.2d at 1447; *Grey*, 933 F.2d at 120. Petitioner's claim would be procedurally de-

faulted. *See James*, 996 F.2d at 1447. As in *Grey*, the Court holds that petitioner would no longer have "remedies available" in the New York state courts under 28 U.S.C. § 2254(b), and that he would have met the statutory exhaustion requirements for presenting a habeas petition to the federal courts. *See Grey*, 933 F.2d at 121.

█ Generally, however, a federal writ of habeas corpus will not issue if the petitioner has forfeited his claims in state court through a procedural default, unless he can demonstrate cause and prejudice for the default. *See id.; Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–08, 53 L.Ed.2d 594, *reh'g denied*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977); *James*, 996 F.2d at 1447. Cause for procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim. *See Murray*, 477 U.S. at 492, 106 S.Ct. at 2647. Ignorance or inadvertence will not constitute "cause." *See id.* at 491, 106 S.Ct. at 2647. Petitioner has made no showing of cause or prejudice and, thus, the ineffective counsel claim should be dismissed without reaching the merits. *See Grey*, 933 F.2d at 121.

█ In extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649, habeas relief may be available regardless of petitioner's failure to demonstrate cause and prejudice. *See id.; see also Sawyer v. Whitley*, 505 U.S. 333, 336, 112 S.Ct. 2514, 2517, 120 L.Ed.2d 269, *reh'g denied*, —— U.S. ——, 113 S.Ct. 21, 120 L.Ed.2d 948 (1992) (habeas petitioner "must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty"); *Schlup v. Delo*, —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (*Murray* standard, rather than more stringent *Sawyer* standard, governs miscarriage of justice inquiry when a petitioner who has been sentenced to death raises a claim of actual innocence); *Wedra v. LeFevre*, 988 F.2d 334, 343 (2d Cir.1993). However, petitioner has not argued that federal review of his claim is necessary to prevent a fundamental miscarriage of justice. He is therefore barred from raising this claim. *See Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

To summarize, if the Appellate Division failed to consider petitioner's ineffective counsel claim in *McGann II*, the claim is now waived, in accordance with petitioner's request. *See* Traverse, at 4. If the Appellate Division did consider petitioner's claim on the merits, it is now dismissed because petitioner has forfeited his right to bring this claim in state court through procedural default and has shown neither cause nor prejudice. Whether or not the Appellate Division considered petitioner's ineffective pretrial counsel claim in *McGann II*, the claim now must be dismissed.

### C. Loss of Jurisdiction and Sentencing *In Absentia*

█ Magistrate Judge Bernikow further recommended a finding that petitioner failed to exhaust his claim that the trial court lost jurisdiction when it refused to grant his new counsel sufficient time to prepare for trial. Judge Bernikow also recommended a finding that petitioner failed to exhaust his claim that he was improperly sentenced *in absentia*. Petitioner argues that he preserved these issues for review.

Petitioner first raised the lost jurisdiction claim in his reply brief before the Appellate Division as an ineffective counsel claim. As with his ineffective pretrial counsel claim, however, petitioner failed to raise this claim in his application for leave to appeal to the New York Court of Appeals. *See* Exh. 10 to Affidavit in Opposition. Thus, for the reasons cited above in connection with the other ineffectiveness of counsel claim, this claim is procedurally barred, absent a showing of cause and prejudice. Petitioner has shown neither.

Petitioner similarly failed to raise his challenge to the sentencing *in absentia* in his application for leave to appeal to the Court of Appeals. Petitioner mentioned only that his rights were violated by being tried *in absen-*

*tia. See* Exh. 10 to Affidavit in Opposition, at 4–5. Thus, this claim, too, is procedurally barred.

## D. False and Perjured Testimony

■ In his Traverse, petitioner raised a fifth claim: his conviction was obtained by the knowing use of false and perjured testimony. *See* Traverse, at 6. He argued that the state has the duty to preserve the trial transcript and that, without a transcript, the issue cannot be resolved. *See id.* Magistrate Judge Bernikow recommended a finding that this claim is procedurally barred.

Petitioner previously raised this claim in the Appellate Division, which rejected the claim as not preserved. *See McGann II,* 588 N.Y.S.2d at 1010. The Appellate Division added that if it had considered the claim, it would have found it meritless because petitioner cited alleged perjury by a person not listed in the clerk's trial minutes as a witness, and because no specifics as to the alleged perjury could be adduced. *See id.* Moreover, petitioner never raised this claim in his leave application to the Court of Appeals. *See* Exhibit 10 to Affidavit in Opposition. Thus, for the reasons stated above, this claim is procedurally barred.

The Court finds that Magistrate Judge Bernikow properly rejected each of petitioner's claims. None of the issues raised in petitioner's initial application for habeas relief has been preserved for review by this Court.

## III. EVIDENTIARY HEARING

■ Petitioner next objects to Magistrate Judge Bernikow's "attempt to dispose of this case without an evidentry [sic] hearing being had." Objections, at 3. "Once a habeas corpus case has passed Rule 5, of the H.C.Rules and there are conflicting statements on record," petitioner asserts, "there must be an evidentry [sic] hearing or discovery ordered to clear up the conflict. The Magistrate refuses to get to the truth of the matter. He wishes to impose his bias opinion as the law of the case." Objections, at 3.

■ At one time, district courts were required to hold evidentiary hearings in habeas cases whenever "for any reason not attributable to the inexcusable neglect of petitioner, evidence crucial to the adequate consideration of the constitutional claim was not developed at the state hearing." *Pagan v. Keane,* 984 F.2d 61, 63–64 (2d Cir.1993) (quoting *Townsend v. Sain,* 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963) (citation omitted)). However, this aspect of *Townsend* was overruled by *Keeney v. Tamayo–Reyes,* 504 U.S. 1, 4–5, 112 S.Ct. 1715, 1717, 118 L.Ed.2d 318 (1992). A hearing is now required only when the petitioner can establish cause for his failure to develop an adequate factual record below as well as prejudice resulting from that failure. *See Pagan,* 984 F.2d at 64. In all other cases, a district judge is not required to hold an evidentiary hearing:

> The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory. In all other cases where the material facts are in dispute, the holding of such a hearing is in the discretion of the district judge. If he concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing.

*Id.* (quoting *Townsend,* 372 U.S. at 318, 83 S.Ct. at 760); *see also* Rules Governing § 2254 Cases, Rule 8(a), 28 U.S.C.A. foll. § 2254.

In the instant case, petitioner has not shown why the record below is factually inadequate. He refers to "conflicting statements on record," Objections at 3, but does not explain what these conflicts are. The Court finds that there are no material facts in dispute and that petitioner has shown neither cause nor prejudice warranting an evidentiary hearing. The Court also finds that the New York state courts afforded petitioner a full and fair hearing resulting in reliable findings. Accordingly, even if petitioner had pointed to a dispute over the material facts in this case, the Court would exercise its discretion and refuse to grant an evidentiary hearing. *See Pagan,* 984 F.2d at 64; Rules Governing § 2254 Cases, Rule 8(a).

## IV. PETITIONER'S APPLICATION FOR LEAVE TO APPEAL TO THE NEW YORK COURT OF APPEALS

■ Petitioner argues that he attempted to bring the issues now raised to the attention of the New York Court of Appeals. As explained in Section II, Magistrate Judge Bernikow recommended a finding that these claims are not exhausted because, although petitioner raised them in his reply brief before the Appellate Division, Exh. 6 to Affidavit in Opposition, he failed to raise them in his application for leave to appeal to the New York Court of Appeals. *See* Exh. 10 to Affidavit in Opposition.

In his application for leave to appeal to the Court of Appeals, petitioner argued:

> [H]ad the Appellant been given the consideration and privileges of a practicing attorney all of the issues which were preserved for review would have been adjudicated on this first direct appeal....
>
> The evidence in this case clearly show [sic] that Petitioner's incarceration is in total violation of the N.Y. State and Federal Constitutions. The pre trial transcript clearly shows that Due Process of Law was clearly lacking in this case withregard [sic] to the process needed to bring about a trial in absentia.

Exh. 10 to the Affidavit in Opposition at 4. Nowhere in the application for leave to appeal did petitioner raise his ineffectiveness of pretrial and trial counsel claims or his claim that the trial court lost jurisdiction when it dismissed the panel of jurors. *See* Exh. 10 to Affidavit in Opposition. The Court adopts Magistrate Judge Bernikow's recommendations and finds that they are free from bias. The Court holds that petitioner did not bring the issues now raised to the attention of the New York Court of Appeals in his leave application.

## V. ISSUES PENDING BEFORE THE SECOND CIRCUIT

■ Petitioner objects to "this Court attempting to adjudicate an issues [sic] which is currently before the 2nd Circuit Court of Appeals for adjudication." Objections, at 5. However, on March 9, 1995, the Court of Appeals for the Second Circuit denied petitioner's motion for a certificate of probable cause and dismissed his appeal. *See McGann v. Kelly*, 94 Civ. 2122, Mandate, dated Mar. 9, 1995. Thus this objection has become moot.

## VI. RECUSAL OF JUDGE LEISURE AND MAGISTRATE JUDGE BERNIKOW

■ Petitioner requests that Judge Leisure and Magistrate Judge Bernikow recuse themselves from this case because of bias and prejudice against him. Objections, at 1, 6.

■ Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The movant must show an appearance of partiality based on what a reasonable person, knowing and understanding all the facts and circumstances, would believe. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992); *see also Apple v. Jewish Hosp. & Medical Ctr.*, 829 F.2d 326, 333 (2d Cir.1987). Recusal is appropriate when a judge expresses a personal bias concerning the outcome of the case at issue. *See United States v. Diaz*, 797 F.2d 99, 100 (2d Cir.1986) (per curiam).

■ A judge, however, has " 'an affirmative duty ... not to disqualify himself unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience.' " *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 183 (2d Cir.1991) (quoting *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978) (citation omitted)).

Petitioner has not shown evidence of personal bias on the part of either Judge Leisure or Judge Bernikow. Their impartiality cannot reasonably be questioned. Petitioner's motion for their recusal is therefore denied.

## CONCLUSION

For the foregoing reasons, this Court hereby denies petitioner's motion for bail and

motion for recusal of Judge Leisure and Magistrate Judge Bernikow. Judge Bernikow's Report of July 15, 1994 is adopted in its entirety, and McGann's underlying petition is dismissed.

**SO ORDERED.**