**John Joseph ABDULLAH,**
**Petitioner–Appellant,**

v.

**People of the State of NEW YORK**
**Respondent–Appellee.**

**No. 02–2182.**

United States Court of Appeals,
Second Circuit.

Nov. 6, 2003.

Susan D. Fitzpatrick, Ossining, NY, for Appellant.

Glenn Green, Assistant District Attorney (Thomas J. Spota, District Attorney of Suffolk County), Office of the District Attorney of Suffolk County, Riverhead, NY, for Appellees, of counsel.

Present: WINTER, CABRANES and SACK, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of

said District Court be and hereby is **AF-FIRMED.**

Petitioner–Appellant John Joseph Abdullah ("petitioner") appeals from the denial of his habeas petition by the United States District Court for the Eastern District of New York. Petitioner was convicted in 1981 of second degree murder and first degree sexual abuse in the stabbing death and molestation of Audra Carter, a thirteen-year-old girl. Among the evidence presented by the State at trial was petitioner's jailhouse confession, offered through the testimony of Robert McAvoy, a fellow inmate. In 1997, petitioner sought post-conviction relief in the Suffolk County Court, and also filed a habeas petition in the District Court, offering "new evidence" in the form of two hearsay affidavits that McAvoy was working for law enforcement at the time of petitioner's confession. The Suffolk County Court denied relief based on petitioner's failure to exercise "due diligence" in bringing his post-conviction motion as required by statute, and, in the alternative, ruled against petitioner on the merits.

The District Court found that petitioner was not entitled to relief, rejecting petitioner's claim that the District Attorney paid McAvoy for his testimony and failed to produce such information in violation of petitioner's *Brady* rights. Petitioner now argues that the District Court erred by failing to afford petitioner an evidentiary hearing on the issue of whether petitioner's jailhouse confession was obtained by police use of an informant in violation of petitioner's Sixth Amendment right to counsel. *See United States v. Henry,* 447 U.S. 264, 273, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980).

We conclude that the District Court did not abuse its discretion in denying petitioner an evidentiary hearing or err in denying the writ. A federal hearing is mandatory only when the habeas petitioner has alleged facts that, if proved, entitle the petitioner to relief. *See Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Because of the overwhelming evidence at trial–petitioner's wallet was found next to the dead girl's body, there was testimony from his father and his friends that he was with the girl immediately before and around the time of her death, a can of the exact brand of malt liquor he was drinking that night was found next to her body, the canine-tracking from her blood stain led to his house, and the stab wounds matched those inflicted by a buck knife that he was carrying on the night in question–it is beyond a reasonable doubt that the jury's determination of petitioner's guilt would have been the same in the absence of McAvoy's testimony. *See Milton v. Wainwright,* 407 U.S. 371, 372, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); *see also Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), *Pagan v. Keane,* 984 F.2d 61 (2d Cir.1993). Accordingly, petitioner cannot allege facts that, if proved, would entitle him to relief and it was within the District Court's discretion to deny the evidentiary hearing. *Townsend,* 372 U.S. at 312.

\*    \*    \*    \*    \*    \*

We have considered all of petitioner's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AF-FIRMED.**